## MILTON T. LOGAN

### *v.*

## THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPHY—*non-delivery of message—liability.* In an action by a father against a telegraph company, for negligence in failing to deliver a telegram sent by him to his son summoning the son home to the death-bed of his mother, the plaintiff is entitled to recover at least nominal damages, including the price paid the company to send the dispatch.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action brought by Milton Logan, against the Western Union Telegraph Company, in the circuit court of Cass county. The defendant appeared and filed a demurrer to the declaration. The court sustained the demurrer and gave judgment on the demurrer, in bar of the action, and for costs. The plaintiff below brings the record here on writ of error, and the only question presented is, did the circuit court err in sustaining the demurrer to the declaration?

The declaration was in these words, viz:

" Milton Logan, the plaintiff in this case, complains of the Western Union Telegraph Company, summoned, etc., of a plea of case; for that, whereas, heretofore, to-wit: on the 21st day of September, A. D. 1873, and from thenceforward to the commencement of this suit, the defendant being a body corporate, under the name and style aforesaid, was the owner of certain telegraph wires and the processes and apparatuses thereunto appertaining, for the communication of intelligence and dispatches rapidly and by means of electricity from one

point, place or station, to another, and that said defendant operated and controlled the same from Blair, Nebraska, to-wit: at the county aforesaid, to Beardstown, Illinois, to-wit: at the county aforesaid, and intermediate and between said places. And the plaintiff avers that it was the duty of the defendant, by and through its authorized agents in that behalf, for compensation and reward to it paid or given, to transmit and carry over by and through said telegraph wires, apparatuses and processes aforesaid, with reasonable care, safety and diligence, messages, dispatches or communications of request, demand, information and intelligence, commonly called 'telegrams,' from one point or station of the defendant to another, to-wit: from the said Blair, Nebraska, to-wit: at the county aforesaid, to Beardstown, to-wit: at the county aforesaid; and from Beardstown, to-wit: at the county aforesaid, to Blair, Nebraska, to-wit: at the county aforesaid. And that it was the further duty of said defendant to deliver the said 'telegrams' or 'messages,' upon the reception of the same at the office of the place of the destination of the same, to the person or persons, party or parties, to whom the same should be sent or directed and addressed, with reasonable diligence, and without delay or neglect. Plaintiff avers, that on, to-wit: the 22d day of September, A. D. 1873, at Beardstown, to-wit: at the county aforesaid, the wife of him, the said plaintiff, and the mother of his son, C. C. Logan, to be hereinafter named, was lying dangerously ill and upon the point of death; that the plaintiff's son, C. C. Logan, was then living and residing at Blair, Nebraska, aforesaid, at to-wit: at the county aforesaid; and the plaintiff, being desirous to communicate said intelligence to his said son rapidly, and by means of the electricity, telegraph wires, apparatuses and processes of said defendant, aforesaid, at Beardstown, at the county aforesaid, on to-wit: the 22d day of September, 1873, wrote out and delivered to the said defendant, at its proper office at Beardstown, a certain message or telegram, addressed to said C. C. Logan, aforesaid, at Blair, Nebraska, to-wit: at the county aforesaid, the same being in the words and figures following, to-wit:

BEARDSTOWN, ILL., *Sept.* 22, 1873.
To C. C. LOGAN, *Blair, Nebraska:*

Your mother about to die. Come home. If can't come,
answer.                                    M. LOGAN.
to be sent and transmitted by, through and over said tele-
graphic wires of said defendant, from said Beardstown, to-wit:
at the county aforesaid, to Blair, Nebraska, at to-wit: the
county aforesaid, with reasonable diligence and attention, and
without delay or neglect, and there, that is to say, at Blair,
Nebraska, to-wit: at the county aforesaid, to be delivered to
said C. C. Logan, with reasonable dispatch, and without delay
or neglect, as aforesaid. And plaintiff avers that he did, then
and there, at the time of sending said message aforesaid, pay
to the defendant the reward and compensation demanded and
required by the defendant of the plaintiff, to-wit: the sum of
eighty cents, for the transmission and delivering of said tele-
gram or message, and the defendant, then and there, received
said telegram or message for transmission and delivery to said
C. C. Logan, at Blair, Nebraska, to-wit: at the county afore-
said, as aforesaid.

" The plaintiff avers that the defendant, notwithstanding the
premises, did not send or transmit the said message or tele-
gram aforesaid, but omitted negligently, recklessly and will-
fully to send, transmit and convey the same, by and through
its wires and over the same, from said Beardstown to said
Blair, and also wholly failed to deliver said message or dis-
patch to said C. C. Logan, at said Blair, Nebraska, to-wit: at
the county aforesaid, by and through the recklessness and mis-
conduct of the said defendant in the performance of its duty
in that behalf, so that plaintiff avers that said C. C. Logan
never received said dispatch, by means whereof the said plain-
tiff was deprived of the comfort and fellowship, presence and
sympathy of his said son, which he *would* otherwise might or
would have had, in his affliction occasioned by the dangerous
and fatal illness of his said wife, the mother of his said son,
C. C. Logan, as aforesaid, and was otherwise injured in his
feelings and sensibilities, by the pain and agitation caused by

depriving plaintiff of the presence of his son in the last illness of said mother and wife, and was also forced and obliged to lay out and expend a large sum of money, to-wit: the sum of fifty dollars, in and about the transmission and sending of said message, and in and about attending to the same, and that he hath otherwise been damaged in a large sum of money, to-wit: in the sum of fifty dollars, wherefore plaintiff saith an action hath accrued to him, to the damage of the said plaintiff in the sum of one thousand dollars ($1000), and therefore he sues."

Mr. OSCAR A. DE LEUW, for the plaintiff in error.

Messrs. WILLIAMS & THOMPSON, for the defendant in error.

Per CURIAM: The majority of the court hold, that on the averments of the declaration the plaintiff was entitled to recover nominal damages, at least, including the loss of the price of the telegram. The demurrer should have been overruled.

The judgment must be reversed, and the cause remanded for proceedings in accord with this opinion.

*Judgment reversed.*