N. B. BORDEN & Co., PLAINTIFFS IN ERROR, VS. THE WESTERN UNION TELEGRAPH COMPANY, DEFENDANT IN ERROR.

### PRACTICE—DEMURRER.

In an action on the case for damages, if the declaration makes a case entitling the plaintiff to any recovery whatever, even though it be only nominal damages, a demurrer will not lie thereto because it claims other or greater damages than the case made legally entitles the plaintiff to recover; demurrer not being the proper way to test the *extent* of the recovery to be had. Such questions are properly raised and settled by objections to testimony at the trial, or in the shape of instructions to the jury as to the law applicable to the points raised.

Writ of error to the Circuit Court for Nassau county.

The facts of the case are stated in the opinion of the court.

*Cooper & Cooper* for Plaintiffs in Error.

*John E. Hartridge* for Defendant in Error.

TAYLOR, J.:

The plaintiffs in error sued the defendant telegraph company in the Circuit Court of Nassau county, in

JUNE TERM, 1893. 395

Borden & Co. v. Western Union Telegraph Co.—Opinion of Court.

case, to recover damages for the erroneous transmission of a telegraphic message. The defendant demurred to the declaration, the demurrer was sustained, and, the plaintiffs refusing to amend, final judgment on the demurrer was entered, and from such judgment the plaintiffs bring the case here on writ of error.

The declaration is as follows: Nathan B. Borden and William D. Wheelwright, partners doing business under the firm name of N. B. Borden and Company, by Cooper and Cooper, their attorneys, sue the Western Union Telegraph Company, a corporation, for that heretofore, to-wit: on the twentieth day of August, A. D. eighteen hundred and ninety-one, the plaintiffs as such partners were lumber merchants dealing in pine lumber, and buying and selling pine lumber and filling orders for pine lumber, and the said defendant to-wit: on the said day carried on the business of transmitting messages by telegraph for reward to de fendant, and thereupon, to-wit: on the day aforesaid, in consideration that said plaintiffs would pay to said defendant, to-wit: forty cents, the defendant promised plaintiffs to transmit correctly for them from Fernandina, in Nassau county, State of Florida, to G. F. Lough and Company, in the city of New York, the message following, to-wit: "Fourteen dollars is best we can do; answer;" and the plaintiffs paid the said defendant forty cents, and all conditions were performed, and all things happened, and all times elapsed necessary to entitle the plaintiffs to have said message correctly transmitted by defendant as aforesaid; yet defendant did not correctly transmit to said G. F. Lough and Company the said message as aforesaid, and transmitted to them another and different message, as follows, to-wit: "Fifteen dollars is best we can do; answer;" and the message of plaintiffs.

being to inform said G. F. Lough and Company, with whom plaintiffs were then negotiating for the sale by plaintiffs to them of a large quantity of pine lumber, of the price at which plaintiffs would sell them such lumber at Fernandina, aforesaid, and by reason of the said change and error in the said message which was so transmitted by said defendant, as aforesaid, plaintiffs lost an order from and the sale to said G. F. Lough and Company of a large quantity of pine lumber, to-wit: one million feet thereof, at Fernandina aforesaid, at the price of fourteen dollars per thousand feet thereof, and with the profit thereon to plaintiffs of two dollars and fifty cents per thousand feet thereof, which lumber would have been so sold by plaintiffs, and which profit would have been so made and received by plaintiffs, if the said first mentioned message had been correctly transmitted by defendant as aforesaid; to the damage of plaintiffs in the premises of forty-five hundred dollars. Wherefore plaintiffs bring this suit.

2nd. And for that heretofore, to-wit: on the twentieth day of August, A. D. eighteen hundred and ninety-one, the plaintiffs as such partners were lumber merchants dealing in pine lumber, and buying and selling pine lumber, and filling orders for pine lumber, and the said defendant, to-wit: on said day, carried on the business of transmitting messages by telegraph for reward to defendant, and thereupon, to-wit: on the day aforesaid, in consideration that said plaintiffs would pay to said defendant, to-wit: forty cents, the defendant promised plaintiffs to transmit carefully for them from Fernandina, in Nassau county, State of Florida, to G. F. Lough and Company, in the city of New York, the message following, to-wit: "Fourteen dollars is best we can do; answer;" and the plaintiffs paid

the said defendant said forty cents, and all conditions were performed, and all things happened, and all times elapsed necessary to entitle the plaintiffs to have said message carefully transmitted by defendant as aforesaid; yet defendant did not carefully or correctly transmit to said G. F. Lough and Company the said message as aforesaid, and by the carelessness and negligence of defendant, its agents or employes, transmitted to them another and different message, as follows, to-wit: "Fifteen dollars is best we can do; answer;" and the said message of plaintiffs being to inform said G. F. Lough and Company, with whom plaintiffs were then negotiating for the sale by plaintiffs to them of a large quantity of pine lumber, of the prices at which plaintiffs would sell them such lumber at Fernandina aforesaid, and by reason of the said change and error in the said message, which was so transmitted by said defendant as aforesaid, plaintiffs lost an order from and sale to said G. F. Lough and Company of a large quantity of pine lumber, to-wit: one million feet thereof, at Fernandina aforesaid, at the price of fourteen dollars per thousand feet thereof, and with the profit thereon to plaintiffs of two dollars and fifty cents per thousand feet thereof, which lumber would have been so sold by plaintiffs, and which profit would have been so made and received by plaintiffs, if said first mentioned message had been correctly transmitted by defendant as aforesaid; to the damage of plaintiffs in the premises of forty-five hundred dollars; wherefore plaintiffs bring this suit.

3rd. And for that heretofore, to-wit: on the twentieth day of August, A. D. eighteen hundred and ninety-one, the plaintiffs as such partners were lumber merchants dealing in pine lumber, and buying and selling pine lumber, and filling orders for pine lumber,.

and the said defendant, to-wit: on said day carried on the business of transmitting messages by telegraph for reward to defendant, and thereupon, to-wit: on the day aforesaid, in consideration that said plaintiffs would pay to said defendant, to-wit: forty cents, the defendant promised plaintiffs to transmit carefully for them from Fernandina, in Nassau county, State of Florida, to G. F. Lough and Company, in the city of New York, the message following, to-wit: "Fourteen dollars is best we can do; answer;" and the plaintiffs paid the said forty cents, and all conditions were performed, and all things happened, and all times elapsed necessary to entitle the plaintiffs to have said message carefully transmitted by defendant as aforesaid; yet defendant did not carefully or correctly transmit to said G. F. Lough and Company the said message as aforesaid, and by the gross carelessness and negligence of defendant, its agents or employes, transmit to them another and different message, as follows, to-wit: "Fifteen dollars is best we can do; answer;" and the said message of plaintiffs being to inform said G. F. Lough and Company, with whom plaintiffs were then negotiating for the sale by plaintiffs to them of a large quantity of pine lumber, of the price at which plaintiffs would sell them such lumber at Fernandina aforesaid, and by reason of the said change and error in the said message, which was so transmitted by said defendant as aforesaid, plaintiffs lost the sale to G. F. Lough and Company of a large quantity of pine lumber, to-wit: one million feet thereof, at Fernandina aforesaid, at the price of fourteen dollars per thousand feet thereof, and with the profit thereon to plaintiffs of two dollars and fifty cents per thousand feet thereof, which lumber would have been so sold by plaintiffs, and which profit would have been so made and re-

-ceived by plaintiffs, if said first mentioned message had been correctly transmitted by defendant as aforesaid; to the damage of plaintiffs in the premises of forty-five hundred dollars; wherefore plaintiffs bring this suit. And plaintiffs claim of defendant four thousand and five hundred dollars.

The grounds of the demurrer thereto were as follows: (1) As to each and every count in said declaration, it is not shown that there is any cause and effect between the negligence alleged and the damages claimed. (2) That the said declaration nowhere shows a proper averment that the negligence charged was the proximate cause of the alleged damages. (3) The damages claimed are too remote and speculative. (4) The damages claimed are not the damages contemplated in law under the facts stated. (5) The facts set up do not constitute a cause of action.

The demurrer in this case should have been overruled, because demurrer was not the proper way either to present or have the issues settled that were sought to be raised thereby. It is conceded by the counsel for the appellee, and all the authorities agree, that for such an error in the transmission of a message by a telegraph company as is here made the basis of this action, the erring company is liable, at least in nominal damages, or the cost of the message, for its mistake. The plaintiffs, under the declaration in this case, even conceding every contention of the defendant in error to be true, were entitled to damages, at least to the amount paid out by them for the transmission of the message, and their recovery for that sum would, of course, carry with it in their favor the costs of the suit. The proper way to have raised the questions presented as the grounds of this demurrer was, by objections to testimony at the trial, or in the shape

of instructions to the jury as to the law applicable to the points raised. Where anything is legally recoverable in a suit, demurrer is not the way to test the extent of recovery. In support of this question of *practice* we cite the case of Daugherty vs. American Union Tel. Co., 75 Ala., 168, without reference to the rule for the admeasurement of damages in cases growing out of negligence in the transmission of cipher or unintelligible messages by such companies. Logan vs. W. U. Tel. Co., 84 Ill., 468.

The judgment of the court below is reversed, with directions to overrule the defendant's demurrer to the plaintiffs' declaration.