GEORGE W. CLINE, *Plaintiff in Error*, v. TAMPA WATER WORKS, COMPANY, A CORPORATION EXISTING UNDER THE LAWS OF FLORIDA, S. K. DRAWDY AND H. H. SCARLETT, *Defendants in Error*.

The mere fact that a count of a declaration may set up many elements that do not enter into the measure of damages is not ground for demurrer if the count does allege a cause of action for some damages proper to be recovered thereunder.

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Barron Phillips* for plaintiff in error.

*P. O. Knight* for defendants in error.

CARTER J.—In June, 1899, plaintiff in error began action against defendants in error in the Circuit Court of Hillsborough county, to recover damages for the alleged breaches of certain injunction bonds. The amended declaration, containing only one count, alleged that the Tampa Water Works Company, in August, 1889, obtained from the Circuit Court of Hillsborough county a temporary injunction restraining plaintiff from quarrying rock on certain land owned by

him; that at the time plaintiff was proceeding to quarry said rock for the purpose of selling it to contractors with the city of Tampa for paving city streets; that in accordance with the requirement of the injunction order the company executed a bond, with Drawdy and Scarlett as sureties, conditioned to pay plaintiff all costs and damages he might sustain if the injunction was improperly issued; that subsequently the company executed an additional bond under order of the court with the same sureties and like conditions; that subsequently said injunction was dissolved and the bill dismissed, and upon appeal to this court the last named decree was affirmed.

The declaration claimed damages in the sum of $550 for counsel fees alleged to have been incurred in procuring the dissolution of the injunction and other costs and expenses mentioned, and also claimed as damages $1,625, alleged to be the difference between the market value of 2500 cubic yards of rock at the time the injunction issued and its market value at the time the injunction was dissolved, which rock the declaration alleged plaintiff was prevented by the injunction from quarrying, though he had an offer for that quantity at the highest market price.

The defendants demurred to the declaration, assigning as matters of law to be argued the following, viz:

1.   The declaration shows no sufficient cause of action against defendants.

2.   The declaration does not sufficiently show or set forth wherein and how plaintiff has been damaged.

3.   That plaintiff in the declaration seeks to recover prospective or speculative damages such as can not be recovered in this suit.

4.   Plaintiff can not recover damages for what he might have made in a contract with the city of Tampa.

5.   Plaintiff can not recover damages for being prevented from quarrying rock on his lands or for neglecting to quarry rock under said injunction.

6. Plaintiff does not sufficiently set forth the order of the court granting the injunction or show the scope of same.

7. The declaration does not state the name of the party offering the price for the rock alleged, nor does it show that the price of said rock has ever since and up to the time of the commencement of this suit been lower than the price named as the highest market price of rock.

8. Plaintiff can not recover for counsel fees and the other expenses alleged in the declaration.

The cause came on to be heard upon the demurrer to the amended declaration and the court made, October 9, 1899, an order as follows: "If my view of the law is correct, no damages can be recovered except such as *exist* at the time of bringing the suit. On page three of the declaration the damages claimed for loss of sale of rock is the difference between $1.00 per yard offered before injunction issued and 35c per yard value at the time of dissolution, *viz*: 14 Feb'y, 1891, which last is not the date of bringing the suit. For all that appears, the value at the time of bringing suit may have been $1.00 or more per yard, and there would then be no damage. For this reason I sustain the seventh ground of demurrer. It is, therefore, considered and ordered that the 7th ground of demurrer to the amended declaration be and the same is sustained, and the remaining grounds of said demurrer be and the same are hereby overruled." Leave was given plaintiff to further amend the declaration in accordance with the ruling in ten days, if he so desired. Plaintiff did not avail himself of the opportunity to amend, and thereafter defendant moved the court "to enter judgment upon the demurrer dismissing the suit" upon the grounds that plaintiff had not amended his declaration under the permission given, and that plaintiff had abandoned the suit by failing to amend or take other step in the cause.

On January 3, 1900, the motion coming on to be heard the court entered final judgment as follows: "This cause coming on to be heard in open court this day upon motion

of the attorneys for defendants filed herein on December 4, 1899, said motion being to have the court enter judgment upon the demurrer to plaintiff's second amended declaration filed July 24, 1899, and it appearing to the court that on the 9th day of October, 1899, the court made an order sustaining said demurrer, giving the plaintiff ten days after said order in which to amend said declaration, and plaintiff having declined to amend said declaration and stating that he desired to stand upon the part of the declaration not decided by the court on said demurrer to be bad. It is, therefore, upon consideration thereof ordered, adjudged and decreed that the defendants do have judgment on said demurrer against said plaintiff. It is further ordered that said defendants go hence without day and have its costs, amounting to seven dollars, of and from the plaintiff, expended in this case." From this judgment the present writ of error was taken by the plaintiff and the errors assigned are:

1. The court erred in sustaining any part of the defendants' demurrer to plaintiff's amended declaration.

2. The court erred in sustaining the motion of defendants' counsel to dismiss the suit.

3. The court erred in not requiring the defendants to file their plea to that part of the plaintiff's amended declaration which had been decided by the court on the demurrer to be valid.

It will be observed that the order on demurrer overruled every ground except the seventh. The seventh ground does not question the sufficiency of the declaration to authorize recovery for counsel fees and other expenses alleged as damages for breach of the injunction bonds, but is confined entirely to the sufficiency of the pleading with respect to a particular item of damage claimed, viz: the alleged difference in value of 2500 tons of rock. The effect of the ruling on the demurrer was to hold that the declaration was sufficient to recover attorneys' fees and other expenses alleged, but insufficient to recover the alleged difference in value of rock. Under such circumstances the proper prac-

tice would have been to overrule the demurrer generally, for the reason that the mere fact that a count of a declaration may set up many elements that do not enter into the measure of damages is not ground of demurrer. *Jacksonville, T. & K. W. Ry. Co. v. Griffin,* 33 Fla. 602, 15 South. Rep. 336; *Borden v. Western Union Tel. Co.,* 32 Fla. 394, 13 South. Rep. 876; *Borden v. International Ocean Tel. Co.,* 32 Fla. 400, 13 South. Rep. 878; *Cowley v. Davidson,* 10 Minn. 392; *Sunnyside Land Co. v. Willamette Bridge Ry. Co.,* 20 Oregon, 544, 26 Pac. Rep. 835; *Alabama Great Southern R. Co. v. Tapia,* 94 Ala. 226, 10 South. Rep. 236; *Leland v. Tousey,* 6 Hill (N. Y.), 328. The proper remedy in such cases is pointed out in the Florida cases above cited. The court was, therefore, in error in sustaining the seventh ground of the demurrer.

We express no opinion as to the sufficiency of the declaration as against the other grounds of demurrer, as the court below ruled with the plaintiff in error upon those points. We merely decide the question of practice presented.

The judgment is reversed and the cause remanded for further proceedings.

(Justices Hocker and Maxwell, being disqualified, took no part in the decision of this case.)