WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, PLAINTIFF IN ERROR, V. G. WAKEFIELD WELLS, DEFENDANT IN ERROR.

1. A declaration alleging the wilful refusal of a telegraph company to pay money in its hands, to which the plaintiff was entitled, with full knowledge that the plaintiff would thereby be compelled to travel without food for more than twenty-four hours, states a bona fide claim within the jurisdiction of the Circuit Court, even though the money withheld be below the jurisdictional amount of that court.

2. A demurrer is not the proper method for eliminating improper items or special acts of alleged negligence; the declaration otherwise stating a cause of action.

3. After action brought against a telegraph company for refusal to pay over the payee of a telegraph order the money therein named, the company is not relieved from liability by paying over that sum to the transmitting bank.

4. When the known probable result of the wilful refusal, without adequate excuse, of a telegraph company to pay over the money to one entitled thereto causes one to travel for more than twenty-four hours without food or funds he may recover damages for bodily pain and suffering and for mental pain and anguish attendant thereon.

5. When the refusal of a telegraph company to pay over money causes one without funds to act quickly and instead of seeking to recover from a sleeping car company the money therfore paid for a section and awaiting the possibility of getting the money the next day, he decides to travel homeward, a finding of the jury that the injury was not self imposed will not be disturbed.

6. Evidence offered in support of an element of damage alleged in the declaration and allowed over a general objection, will not be held error if it be legally pertinent or relevant in any aspect of the case.

7. As against a general objection evidence as to the suffering for food of a wife and children may be admitted for the purpose of explaining why one spent a small sum of money on them rather than to relieve his own wants, where the jury is charged that they must not allow any damages for the suffering of the wife or children.

8. The statements of the receiving clerk and cashier in the main office of a telegraph company respecting matters within the apparent scope of their authority are not hearsay.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County.

STATEMENT.

The original declaration in this cause was as follows: "G. Wakefield Wells, by his attorneys, R. L. Anderson and William Hocker, sues the Western Union Telegraph Company, a corporation organized and existing under the laws of the State of New York, for that the defendant was on the 26th day of September, 1901, operating certain lines of telegraph wires extending from the city of Ocala, Fla., to the city of Philadelphia, Penn., and had then and there employed divers agents at said cities, and at other intermediate points, for the purpose of transmitting by telegraph messages and credits for the general public from the said city of Ocala to the said city of Philadelphia at and for certain rates, or tolls, in that behalf charged by the defendant, and for the purposes aforesaid then and there had and maintained a certain office in the said city of Ocala and a certain office in the city of Philadelphia, wherein the defendant had then and there employed divers agents to transmit and receive such mes-

sages and to transmit and receive and pay over such credits and to serve the public speedily and correctly in that behalf.

And the plaintiff avers that on the day and year aforesaid and while the defendant was conducting the business as aforesaid and while the plaintiff was in the said city of Philadelphia, a certain firm of bankers doing business under the name of Munroe & Chambliss, in the said city of Ocala, and acting as the agents of the plaintiff in this behalf, deposited a certain sum of money, to-wit: $26.85, with the agent of the defendant in charge of its said office in said city of Ocala, and the defendant then and there in consideration thereof undertook and agreed to speedily and correctly transmit by telegraph a message to the agents of the defendant so employed in its said office in the said city of Philadelphia opening a credit for immediate payment to the plaintiff, under the name of G. Wake. Wells with such last named agents of the defendant, so employed in said last named city, to the extent of $25, the remainder of said sum of $26.85, to-wit: $1.85 being the sum charged by the defendant for so undertaking to speedily and correctly open said credit and pay over to the plaintiff, under the name of G. Wake. Wells, the said sum of $25.00; yet the defendant disregarding its undertaking aforesaid and in violation of its agreement aforesaid failed to correctly transmit said credit and open the same for payment to the plaintiff, under the name of G. Wake. Wells, with the said agents of the defendant in the said office in the said city of Philadelphia in the manner and form as agreed by the defendant; and the agent of the defendant in charge of said office in said last named city then and there, after receipt by it of said $26.85, and after a sufficient time had elapsed to permit it

to open such credit with such agents, wrongfully and wilfully, upon the plaintiff's demand, refused to pay to the plaintiff the said sum of $25, whereby the plaintiff and his family suffered great pain and anguish of mind and body and were greatly wronged and injured, and the plaintiff claims $1950.00."

Upon the order and leave of court this was amended by substituting for the last four lines the following: "And the plaintiff was and is thereby greatly injured and damaged in this, to-wit: that the said Munroe & Chambliss on the day aforesaid and prior to said refusal of said defendant to pay said sum to plaintiff had paid to and deposited with the defendant, to be by it delivered to the plaintiff the said sum of $25.00; that the plaintiff with his wife and two infant children was on said day in said city of Philadelphia in the State of Pennsylvania, traveling from said place to Ocala, Florida, a distance of one thousand miles or more and that the plaintiff and his wife and children were wholly without money or funds, and wholly without the means of obtaining money or funds, except through the payment by defendant to plaintiff of said sum of $25.00; that it was necessary that plaintiff should receive said sum of money in order to buy and provide the means of living and purchasing food for himself and his family during said journey to Ocala, Florida; that the defendant was by the plaintiff then and there informed of and well knew all the facts herein above pleaded, and having such knowledge the defendant wilfully, and without excuse, refused to pay said sum of money or any part thereof to plaintiff; that the plaintiff and his wife and children were thereby compelled to and did travel from Philadelphia in the State of Pennsylvania to Jacksonville in the State of Florida without food and without the means or ability to purchase or provide

food, for a period of thirty-six hours and more, and were thereby made and become sick and ill, and were compelled to and did suffer great bodily pain and illness, and great mental pain and anguish. Plaintiff claims damages in the sum of $1950.00."

The defendant demurred to the declaration as amended upon the grounds: "I. The damages claimed by the plaintiff do not fairly arise, according to the usual course of things, from the breach of contract complained of, and are not such damages as may be reasonably supposed to have been in contemplation of both parties at the time they made the contract, as a probable result of a breach of it.

2. There is no privity between the plaintiff and the defendant.

3. The damages claimed are not such as ensue from the alleged breach of contract by defendant, and the suffering alleged was brought about by the action of the plaintiff himself and not otherwise.

4. There is no venue laid."

Upon the overruling of this demurrer the defendant pleaded, first, not guilty; second, "that Messrs. Munroe & Chambliss, described as bankers and as the agents of the plaintiff in Ocala, Florida, received back and accepted from the defendant all of the moneys paid by them for the account of the plaintiff, to-wit: $26.85, since the commencement of this suit, wherefore and by reason whereof all rights of action of the plaintiff became lost and extinguished;" and, third, "that all of the injuries and damages complained of as happening to said plaintiff were caused by the voluntary act of the plaintiff and not otherwise."

The second plea was held bad on demurrer.

There was verdict for the plaintiff in the sum of one thousand dollars, upon which judgment was entered, and the defendant sued out this writ of error.

*John E. Hartridge & Son,* for Plaintiff in Error.

*R. L. Anderson,* for Defendant in Error.

COCKRELL, J., (*after stating the facts.*) The first error assigned is the overruling defendant's demurrer to plaintiff's declaration as amended. The argument here is upon the theory that the declaration disclosses an actual claim for less than one hundred dollars and that therefore it is below the jurisdiction of the Circuit Court, in which court the action was brought. It can hardly be claimed that the stated grounds of the demurrer fairly raise the question of jurisdiction, but as it was raised on the demurrer to the original declaration and was probably argued on this subsequent demurrer, we may dispose of it.

The declaration is in tort for the wilful act of the company whereby the plaintiff suffered in body and mind, and the claim asserted in good faith was far in excess of the minimum amount required for the jurisdiction of the Circuit Court. This court is not committed to the doctrine that a public service corporation can by its negligence or wilfulness cause suffering in body and mind to an individual and then be heard to say it is liable only to a return of the consideration received by it for correct service.

A demurrer is not the proper remedy for getting rid of improper items of special acts of alleged negligence where the declaration makes a case entitling the plaintiff to any recovery whatever, even though it be only nominal damages. Borden v. Western Union Tel. Co., 32 Fla. 394, 13

South. Rep. 876; Cline v. Tampa Water Works Co., 46 Fla. 459, 35 South. Rep. 8, and cases cited. The circumstances under which the plaintiff was contending; his presence without money and without friends in a large city one thousand miles from his home, with a wife and two small children, and no resources from which he could supply himself or them with food or other necessities on the journey, other than the twenty-five dollars which the telegraph company owed him, these circumstances, it is alleged, were all known to the defendant company; the wilful refusal, without adequate excuse, of the company to pay over to him that sum entitled him undoubtedly to a substantial recovery for the resultant injury to him thereby directly occasioned, in the mortification, inconvenience, physical and mental suffering incident to travelling a great distance without food or other necessities for himself and for those to whom he owed the highest natural obligations. There is nothing in the allegations of the declaration to justify an argument that these sufferings were self imposed and the ground of the demurrer based thereon must find its suggestion from something outside the declaration.

What we have said answers all the contentions made here in support of this demurrer and the assignment is not sustained.

The second plea filed by the defendant was insufficient in many respects. The fact that Munroe & Chambliss, as the plaintiff's bankers had at his request deposited money with the telegraph company to be transmitted to him, does not make them his agent to such an extent that after suit brought for the negligence of the company, a payment by it to them of the whole amount by them advanced but not all received by the company in the plaintiff's behalf,

could by such act defeat plaintiff's right of action. Other objections to the plea will readily occur.

. The court charged the jury that if they found for the plaintiff they might allow damages for bodily pain and suffering, and in addition thereto damages for mental pain and anguish, which the plaintiff himself suffered, but could not consider as an element of damages any physical pain or mental suffering on the part of his family. The plaintiff in error complains of this charge, the burden of the plaint being that nothing can be recovered under this declaration except the sum paid by the plaintiff to the telegraph company, a position heretofore held untenable. Reliance is, however, had upon International Ocean Tel. Co. v. Saunders, 32 Fla. 434, 14 South. Rep. 148. There we held that where the failure of a telegraph company to send or deliver promptly a telegram according to its contract, results in no other damages than mental pain and suffering, only nominal damages could be recovered, in an action sounding in tort but for compensative damages for a breach of the contract. This action was not based upon the failure of the telegraph company in promptness, but upon its wilful refusal to pay over money to the plaintiff under the following circumstances: The plaintiff, G. Wakefield Wells, with his wife and two small children, arrived in Philadelphia, September 26, 1901, en route from Buffalo, N. Y. to Ocala, Fla. Being short of funds, he sent a telegram about 11 a. m. through defendant company to his Ocala bankers saying, "Wire me at once twenty-five dollars waive identification." Being advised that the reply would be received in two or three hours, he expended all his money except $1.10 in securing a section in the sleeping car to Jacksonville, Fla. His bankers promptly honored his demand and delivered to the tele-

31 S. C.

graph company in Ocala, the requested sum and the toll, with directions to waive identification. By a mistake of the telegraph company the return message ordered the payment made to "G. Wake Fells" instead of to "G. Wake Wells." This telegram was not received in Philadelphia until after five o'clock and within a short time of the leaving of the plaintiff's train. The agent in Philadelphia expressed himself satisfied with the plaintiff's identity and that the mistake occurred in the transmission, but declared his inability to pay the money over until the mistake should be corrected, which would take several hours. The plaintiff made known fully his circumstances, the long journey he would be required to take without food and the other incidents to lack of funds, when travelling with a wife and children; that the departure of his train was imminent and that he could not wait the time necessary for the correction. With all these facts and circumstances fully made known to the defendant company, it yet wilfully refused to pay over the money and must be held to the consequences.

The intimate association between mind and body is a matter for discussion among the psycho-physiologists but to the laymen, it is clear that a tribunal that allows damages for physical suffering cannot deny damages for the mental suffering attendant upon the physical, the one is as much an actuality as the other, and just as readily determinable by a jury.

There was evidence under the declaration calling for substantial damages and the affirmative instruction requested by the defendant was properly refused. It was left to the jury to say whether the injury to the plaintiff was self imposed, and by their verdict it was found that it was not. Practically nothing was in evidence to jus-

tify the charge, certainly nothing that would justify this court in setting aside the jury's finding. The refusal of the company to pay over the money compelled the plaintiff to act quickly; he was not aware that he could receive within a few minutes from the sleeping car people the money he had paid for the section to Jacksonville, nor is there proof of that fact and it is assuredly not within the judicial knowledge of the court, and with the alternative of remaining over night in a large city without funds for either lodging or meals and without assurance of being able at any time of getting his money from the telegraph company, he chose to take at least the assurance of a roof over his head and a return towards his home, where there was a greater possibility of his finding relief.

Many exceptions were reserved to the admission of testimony, but we need not set them out *seriatim*. It suffices to say that many of these exceptions taken were to the materiality of evidence tending to support the allegations of the declaration as to the plaintiff and his family being compelled to travel from Philadelphia to Jacksonville without food and without the means to purchase or provide food, for a period of thirty-six hours and more, whereby they became sick and suffered great bodily and mental pain.

No motion was made to strike from the declaration the allegation as to the suffering of the wife and children and the court instructed the jury not to consider as an element of damages any physical pain or mental suffering to the wife and children of the plaintiff. Was harmful error committed then in admitting testimony that the wife and children suffered for food? But one of the three methods for discarding improper elements of damages was adopted. The defendant failed to move to strike

them from the declaration nor did it request instructions eliminating the evidence in support thereof, further than was done by the court's charge; and we are confined to the objections to admissibility, based upon relevancy and materiality; for if the evidence was relevant and material, the further quality of influence or prejudice upon the jury may, indeed should, follow.

It is questionable whether the errors assigned upon the admission of this evidence have been argued so as to demand a decision by us; the point is stated in the brief of the plaintiff in error and the case of Florida Southern Ry. Co. v. Katz, 23 Fla. 139, 1 South. Rep. 473, is cited presumably in support thereof, but the citation has no possible relevancy. Waiving however the adequacy of the presentation of the assignments but applying our well recognized rule as to general objections to the admissibility of testimony, we look to ascertain if the evidence may be legally pertinent or relevant in any aspect of the case.

The conditions fully disclosed to the telegraph company at the time of the tortuous act, and sufficiently alleged in the declaration showed that the probable direct result of its action would be to cause this man with his wife and small children to travel for more than twenty-four hours with but a little more than one dollar. The public exhibition of his inability to provide the necessities of life for his family tended to add to his own humiliation and mortification, and their condition, as brought out by this testimony, would forbid to any being, however low his moral standard, the application of the one dollar in his possession to the relief of his own individual wants, to the exclusion of the weaker dependents.

The conversations between the plaintiff and the agents of the company in Philadelphia were not hearsay. The

plaintiff testified he went first into a branch office of the company where he was directed to the main office and there he held conversation with the receiving clerk and also the cashier. In the absence of countervailing proof this sufficiently established the agency of these employes.

With the amount of damages we have nothing to do. No attack was made upon the verdict as excessive. A verdict for the plaintiff was fully warranted and as no errors of law have been made to appear to us, the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., took no part in the consideration of this case.