THE WESTERN UNION TELEGRAPH COMPANY, A CORPORA-
TION DOING BUSINESS IN THE COUNTY OF ORANGE, STATE
OF FLORIDA, PLAINTIFF IN ERROR, v. T. H. BARLOW, DE-
FENDANT IN ERROR.

1.  The mere fact that a declaration, or count thereof, may set
    up elements that do not enter into the measure of dam-
    ages, or greater damages, than the case made legally en-
    titles the plaintiff to recover, if any damages whatever
    may be recovered thereunder, though such damages be
    only nominal, does not make the declaration demurrable.
    Such questions are properly raised and settled by objec-
    tions to the testimony at the trial, or by instructions to
    the jury as to the law applicable to the points raised, or
    may be cause for reforming the declaration under section
    1043 Revised Statutes of 1892, when calculated to embar-
    rass the fair trial of the case.

2.  The maxim "causa proxima, non remota, spectatur," applies
    to suits for breaches of contracts for the delivery of mes-
    sages by telegraph companies, and where A sends a mes-
    sage from Orlando, Florida, to B at Jensen, Florida, in
    whose judgment and discretion the former had confidence,
    in these words:  "Wire lowest price of car of pines, good
    sizes, Quick," and a reply is promptly received from Jen-
    sen by A in these words:   "Average, thirty-three, three
    hundred crates, Price four hundred dollars, Immediately,"
    Signed by C and not by B, and A afterwards telegraphs
    C in these words:   "Will take the car, see T. V. Moore
    (another party) Have wired him," and afterwards pays
    C for the car, through Moore to whom he sent the money,
    and it turns out that the car of pineapples were of inferior
    quality, and A lost money on them, under the application
    of the foregoing maxim A has no cause of action against
    the telegraph company, because of the non-delivery of the
    telegram to B except for the cost of sending the telegram
    to B, or nominal damages, and in a suit by A against the
    company for damages for such non-delivery, the latter is
    entitled to an instruction to the jury to this effect.

This case was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

STATEMENT.

On the 7th day of December, 1903, the defendant in error, T. H. Barlow, filed his declaration against the plaintiff in error, The Western Union Telegraph Company, in the Circuit Court of Orange County, Florida, which declaration is in the words and figures following:

"Now comes T. H. Barlow, by his attorneys, Beggs & Palmer, and sues the defendant, The Western Union Telegraph Company, a corporation doing business in the State of Florida, for that the said defendant was on the 22nd day of June 1903 engaged in business of transmitting telegraph messages, between the town of Orlando, Florida, to and from the town of Jensen, Florida, in Brevard County; that the plaintiff was on the said date engaged in business of buying and selling fruit and vegetables, particularly pine apples; that on the 22nd day of June 1903, the plaintiff delivered to the defendant, and the defendant received from the plaintiff, at its office in Orlando, Florida, and it was its duty to transmit and cause to be transmitted the following message, addressed to and directed one George Holden at the said town of Jensen, as representative of the plaintiff:

2:55 P. M., June 22nd, 1903.
To George Holden, Jensen, Florida.

Wire lowest price car of pines. Good sizes. Name sizes. Quick.

(Signed) T. H. BARLOW.

That the defendant accepted the said telegraphic message for transmission and delivery, from this plaintiff to

the said George Holdin, and undertook and contracted to promptly transmit and faithfully deliver the same to him, for which service, this plaintiff paid the defendant the charges demanded for said service; that the defendant failed and neglected to transmit and deliver the said message to the said George Holdin, in violation of its duty to the plaintiff, but the defendant delivered said message or caused same to be delivered to one James Holmes, a pine apple grower at the said town of Jensen; that by reason of the failure and neglect of the defendant to transmit and deliver the said message to the said George Holdin, according to its contract and undertaking, with the plaintiff, and by reason of the delivery of the message to the said James Holmes, this plaintiff was induced to buy and did buy three hundred crates of pine apples from the said James Holmes, without said fruit being examined or inspected as to its condition and character in order to protect the interest of this plaintiff, paying therefor the sum of $400.00 and the plaintiff declares that the said fruit was unsound and inferior when he was induced to buy and did buy the same, and that an examination and inspection such as he undertook to provide for by means of said telegram would have revealed that the said fruit was unsound; that the fruit proved to be unsound and inferior and had to be sold to the great loss and damage of this plaintiff, to-wit: the sum of $500.00, and the plaintiff therefore brings this suit and claims damages in the sum of $500.00 against the defendant."

On the 4th day of January, 1904, the defendant filed the following demurrer to the declaration after giving the style of the case:

"And now comes the defendant, by John E. Hartridge, its attorney, and says that the plaintiff's declaration is bad in substance."

The questions of law to be argued: 1. The declaration does not state any cause of action; 2. The damage claimed does not flow from any breach of duty alleged; 3. The damage claimed is not shown to have been caused by any breach of duty upon the part of the defendant.

On the 22nd day of August, 1904, upon a hearing the court made the following ruling on the said demurrer:

"This demurrer is overruled and defendant excepts, and is allowed to October Rule to plead."

The defendant afterwards put in a plea of "not guilty" upon which issue was joined.

On the 24th day of May, 1905, the case was tried and a verdict was rendered by the jury for the plaintiff Barlow of $222.27, with interest at the rate of 8 per cent. from November 2nd, 1903, to date, and a judgment was rendered against The Western Union Telegraph Company for the said amount and costs.

A motion for new trial was made on the following among other grounds:

1.  "The verdict is contrary to the evidence and to the weight of evidence.

2.  The verdict is contrary to the law of the case.

3.  The verdict is contrary to the charge of the court.

6.  The court erred in refusing to give the charges requested by the defendant as follows:

The evidence having been closed in this case and the argument of counsel concluded, the court instructs you that under the undisputed facts the plaintiff can recover only the tolls paid for sending the telegram that is the basis of this suit to the extent of the amount proved to have been paid to the defendant company as tolls for

transmitting the message, together with interest thereon: at the rate of 8 per cent per annum from the date the same were paid and no more." The refusal to give this instruction was properly excepted to by the defendant.

This motion was denied to which ruling the defendant excepted. The assignments of error are based on the ruling of the court denying the motion for new trial and a writ of error was sued out from the final judgment to the January Term of this court.

Such portions of the evidence as it is necessary to discuss will be given in the opinion.

*John E. Hartridge & Son,* for Plaintiff in Error.

*Beggs and Palmer,* for Defendant in Error.

HOCKER, J., (*after stating the facts*). The mere fact that a declaration, or count thereof, may set up elements that do not enter into the measure of damages or greater damages, than the case made legally entitles the plaintiff to recover, if any damages whatever may be recovered thereunder, though such damages be only nominal, does not make the declaration demurrable. Such questions are properly raised and settled by objections to testimony at the trial, or by instructions to the jury as to the law applicable to the points raised, or may be cause for reforming the declaration under section 1043 R. S. 1892 as calculated to embarrass the fair trial of the case. Borden v. Western Union Tel. Co., 32 Fla. 394, 13 South. Rep. 876; Jacksonville, T. & K. W. Ry. Co. v. Griffin, 33 Fla. 602, 15 South. Rep. 336; Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 South. Rep. 171; Cline v. Tampa Water Works Co., 46 Fla. 45, 35 South. Rep. 8, and cases cited; Muller v. Ocala Foundry & Ma-

chine Works. 49 Fla. 189, 38 South. Rep. 64; Western Union Telegraph Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838.

The substance of the evidence for the plaintiff Barlow was that he was a dealer in fruits and vegetables, and had his office at Orlando, Florida. George Holdin was a traveling railroad agent, but experienced in fruits and vegetables, and had bought and sold fruits and vegetables for Barlow. On the 22nd of June, 1903, Barlow wanted a car load of pine apples for his trade, and sent by the defendant company the following telegram to Holdin who was supposed by him to be at Jensen, Florida: "To George Holdin, Jensen, Florida. Wire lowest price car of pines, good sizes. Quick. (Signed) T. H. Barlow." A reply was promptly received as follows: "T. H. Barlow, Orlando, Florida. Average thirty-three, three hundred crates. Price four hundred dollars. Immediately. (Signed) James Holmes." Barlow claims that he did not read the name "James Holmes" signed to this telegram, but supposed it was from Holdin in answer to his telegram. Barlow again wired George Holdin "Will let you know as quick as am sure can take car pines." In a few hours he decided to take the car of pines, and had the State Bank of Orlando prepare a telegram to George Holdin stating that a draft on Barlow for $400.00 would be honored. When Barlow handed this telegram to Miss Morrell, the agent in charge of the Western Union Telegraph Company's office at Orlando, she called his attention to the fact that the telegram from Jensen was signed by "James Holmes," and offered some kind of explanation to Barlow, which is not disclosed by the record. He then decided to send the money not to George Holdin, but to another party—a Mr. T. V. Moore, and he had the bank to wire the money to Moore.

On June 23rd, 1903, Barlow wired Moore at Jensen, as follows: "Have bought car from James Holmes. Had bank wire you. See car and have Holmes show message sent me." The bank wired the money to Moore, and Barlow purchased the pines. He lost money on them, and proved them to have been green and of inferior quality. He says he supposed he bought them through George Holdin, and relied on his inspection and packing of the pines to see that they were of proper quality and character, and that the only connection Moore had with the matter was to pay the money to Holmes, and see that the car was properly slatted and routed. Barlow says that when he discovered through Miss Morrell, the agent, that the telegram he received was signed James Holmes, he destroyed the second telegram he had prepared to send Holdin, and sent the telegram to Moore, "a very prominent man in that part of the State with as much knowledge of pine apples as any man in the State and a man I (Barlow) had known for some years." Barlow says when he sent the telegram to Moore he had bought the fruit, and supposed the car had been inspected by Holdin, and so supposed when he sent the money, and that it was two months before he knew that Holdin had not bought the car for him. He also says that he somewhat relied on Moore for an inspection, thought Moore would attend to the car, see that it was loaded all right, and slatted up, and billed out. He also says that by reason of the explanation given him by Miss Morrell he destroyed the telegram he had prepared to send Holdin, and had the bank change theirs from Holdin to Moore. On June 23rd, Barlow sent the following telegram to James Holmes, Jensen, Fla.: "Will take car. See T. V. Moore. Have wired him (Signed) T. H. Barlow." He also says he did not know Holmes and had never heard of him before.

George Holdin was not at Jensen between the 19th and 24th of June, 1903.

The maxim *"causa proxima, non remota, spectatur,"* applies. to suits for breaches of contracts for the delivery of messages by Telegraph Companies. It is stated in 2nd Parsons on Contracts (9th ed.) bottom pages 296-297; that such companies are only liable for proximate or immediate, and not for distant consequences. If the Telegraph Company is in default, but their default is made mischievous to a party only by some other intervening cause this rule prevents the liability of the company because their default would be only the *remota*, the remote or removed cause of the injury, and not the *proxima*, or nearest cause. For illustrations of the application of this doctrine see First National Bank of Barnesville v. Telegraph Company, 30 Ohio St., 555, S. C. 27 Am. Rep. 485; Pegram v. Western Union Tel. Co., 100 N. C. 28, 6 S. E. Rep. 770; Western Union Telegraph Company v. Cornwell, 2 Colo. 491; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, text 429, 12 Sup. Ct. Rep. 679; 7 Am. & Eng. Ency. Law (2nd ed.) 387; 27 Am. & Eng. Ency. Law (2nd ed.) 1060, and notes. Applying this doctrine to the facts of the case at bar, we are of the opinion that the *proxima*, or nearest cause, for the damages sustained by the plaintiff Barlow, was not the negligent act of the Telegraph Company in improperly delivering, or not delivering the message to Holdin, or in not reporting his absence from Jensen to Barlow, but that the proximate cause was the result of his direct dealing with Holmes. He says that he supposed that Holdin would inspect or had inspected the pine apples, but he had no good reason for indulging such a supposition, for shortly after receiving the telegram from Holmes, the signature to which he did not

read, he prepared a telegram to Holdin to buy the car of pines, and caused the bank to prepare a telegram to Holdin that it would honor a draft on Barlow for $400.00, the price of the car of pines. When he took these to Miss Morrell, the agent, she called his attention to the fact the telegram was not signed by Holdin, but by Holmes, and made some suggestions. Barlow destroyed the telegram he had prepared for sending to Holdin, and sent one to T. V. Moore, and got the bank to make a similar change. Why did Barlow make these changes if he supposed that Holdin was at Jensen, and would inspect the pines for him? The only reasonable interpretation of his conduct is that he knew Holdin was a traveling agent and that he concluded Holdin was not in Jensen, and it was necessary to get some one else to look after his interests. But independent of this supposition of Mr. Barlow, the proximate cause as we have said, for his loss, was not the default of the company, but was the result of an intervening cause, *viz*: the purchase of the car of pines from Holmes; for if he had not dealt with Holmes, he would have suffered no loss.

We therefore are of the opinion that the only damages which could be recovered in this suit would be nominal, or at most the cost of transmitting the message to Holdin. The instruction requested by defendant should have been given.

The judgment is reversed, with directions for such further proceedings as may be consistent with this opinion.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.