W. HILDRETH AND L. A. HILDRETH, HER HUSBAND, *Plaintiffs in Error*, v. WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, *Defendant in Error*.

1. Under the statutes of this State a demurrer may be interposed to a pleading only for matters of substance in stating a cause of action or matters of defense. Where a pleading alleges a cause of action for any relief or states any substantial matter of defense, it is not subject to demurrer even though it contains irrelevant, immaterial or improper matters. Such matters contained in a pleading may be reached upon proper application by motion to strike or for compulsory amendment under the statute.

2. Matters contained in a pleading that are wholly irrelevant or improper, serve no useful purpose and tend to prejudice or embarrass a fair trial of an action, and upon proper motion may under the statute be stricken or amended.

3. Claims for damages should be supported by sufficient allegations in the declaration; and any such claims that have no legal basis in sufficient allegations are irrelevant and immaterial.

4. Where a declaration states a cause of action for at least nominal damages, but contains claims for damages that cannot be predicated upon, or have no legal basis in, the allegations of the declaration, such claims being irrelevant and improper and tending to embarrass a fair trial of the action, may, under the statute, be stricken upon proper application by motion.

5. Where a motion to strike or to amend a pleading is made under the statute, the court is expressly authorized to make a proper order respecting the pleading; and this may be done even though the motion be not entirely appropriate in its terms.

6. Public utility corporations should, as contemplated by law, be required to furnish a prompt and efficient service reasonably adequate to meet the just demands of the public, and to respond in damages for negligent injuries; but, as also contemplated by law, they should not be required to compensate injuries for which in law they are not responsible.

7. Where a telegraph company negligently fails to perform its duty in transmitting and delivering messages properly delivered to it for transmission and delivery, the damages that may be recovered are for such injurious consequences as proximately result from the negligence which should have been contemplated by the company from the character of the message or from other information, if proper attention had been given thereto, as probable consequences of the negligence, or as likely to result from the negligence in ordinary natural sequence.

8. In an action for damages for injury of any character caused by the negligence of a telegraph company in the transmission or delivery of messages properly delivered to it for transmission and delivery, the plaintiff should show that the telegraph company, either from the character of the message or from information imparted to its agent, had such notice as that the injurious consequences alleged should have been contemplated as natural probable results of the negligence complained of, and that such injurious consequences resulted proximately from such negligence.

9. The telegraph company failed to deliver with due promptness a message as follows: "Mr. L. A. Hildreth, care Tampa Nor. R. R., Tampa, Fla. Meet me at Montgomery Tuesday the 2nd, don't fail. W. Hildreth." Such message does not disclose what relation the sender and addressee bore to each other, or any understanding between them, or any mutual or other obligations existing between them, or the physical condition of the sender. There is no allegation of any knowledge possessed by or imparted to the agent of the telegraph company except that given by the message itself. From the face of the message personal or other suffering of the sender could not reasonably have been contemplated as a natural probable result of negligence in delivering the message; but as personal expenses should reason-

ably have been contemplated as the natural and proximate re-
sult of a negligent failure to deliver the message, the order of
the trial court limiting the recovery of damages to "the cost of
the telegrams and the expenses of the plaintiff caused by the
delay" was proper.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*Hilton S. Hampton,* for plaintiff in error.

*P. O. Knight* and *John E. Hartridge,* for defendant
in error.

WHITFIELD, J.—W. Hildreth, joining her husband as
co-plaintiff, brought action against the Western Union
Telegraph Company, and alleged in brief that the de-
fendant being engaged in the transmission of messages
by wire, received at Jefferson, Alabama, from the plain-
tiff, on May 30th, 1908, for transmission, a message as
follows: "Mr. L. A. Hildreth, c. o. Tampa Nor. R. R.,
Tampa, Fla. Meet me at Montgomery Tuesday the 2nd
dont fail. W. Hildreth;" that at the time she was af-
flicted with a dangerous illness, and had arranged with
her husband to telegraph him if she desired him to meet
her at Montgomery to conduct her to a hospital; that
defendant so negligently and carelessly handled the
message that it was not delivered to L. A. Hildreth until
11:30 a. m. June 1, 1908, too late for him to join plain-
tiff at Montgomery; by means whereof the plaintiff was

compelled to expend one dollar for telegrams to locate her husband, and eight dollars for hotel bills while waiting at Demopolis, Ala., near said Jefferson, Ala., to hear from her husband; that in addition thereto, by reason of the delay and failure to deliver said message, plaintiff was compelled to remain at Demopolis, Ala., for three days, during which time she suffered from said illness great physical and mental pain, and was deprived of the care, attention and nursing which she would have received had her husband been able to join her, and had the said telegram been delivered.    She claims $1,000.00.

The defendant moved under section 1433 of the General Statutes to strike from the declaration any and all claims for damages other than for the charge for the message sent.    An order was made that the claim for damages be limited to "the cost of the telegrams and the expenses of the plaintiff caused by the delay."    The plaintiff declined to reform the declaration and refused a tender of $15.00.    The action was dismissed.    Writ of error was taken by the plaintiffs.

Under our statutes a demurrer may be interposed to a pleading only for matters of substance in stating a cause of action or matter of defense.    Where a pleading alleges a cause of action for any relief or states any substantial matter of defense, it is not subject to demurrer even though it contains irrelevant, immaterial or improper matters.    Such matters contained in a pleading may be reached upon proper application by motion to strike or for compulsory amendment under the statute. See Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732; Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495.

Section 1433 General Statutes provides that "if any pleading be so framed as to prejudice or embarrass or

delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit." Matters contained in a pleading that are wholly irrelevant or improper, serve no useful purpose and tend to prejudice or embarrass a fair trial of an action, and upon proper motion may under that statute be stricken or amended. See Russ v. Mitchell, 11 Fla. 80; State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230.

Claims for damages should be supported by sufficient allegations in the declaration; and any such claims that have no legal basis in sufficient allegations are irrelevant and immaterial.

Where a declaration states a cause of action for at least nominal damages, but contains claims for damages that cannot be predicated upon, or have no legal basis in, the allegations of the declaration, such claims being irrelevant and improper, tend to embarrass a fair trial of the action, and, under the statute, may be stricken upon proper application by motion. Western Union Tel. Co. v. Merritt, 55 Fla. 462, 46 South Rep. 1024; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; Borden v. Western U. Tel. Co., 32 Fla. 394, 13 South. Rep. 876; Cline v. Tampa Water Works Co., 46 Fla. 459, 35 South. Rep. 8; Western Union Tel. Co. v. Barlow, 51 Fla. 351, 40 South. Rep. 491.

The statute does not require the trial court to merely grant or deny an application to strike or to amend a pleading or a portion thereof, but provides that "the court shall make such order respecting the same * * * as it shall see fit." Under this authority the court may upon motion make a proper order respecting the plead-

ing even though the motion be not entirely proper in its terms.

Where a motion to strike from a declaration claims for damages that have no legal basis in the allegations, the court may make a proper order with reference to the sufficient allegations of the declaration even though the motion to strike is too broad, or does not follow the language of the statute above quoted.

Public utility corporations should, as contemplated by law, be required to furnish a prompt and efficient service reasonably adequate to meet the just demands of the public, and to respond in damages for negligent injuries; but, as also contemplated by law; they should not be required to compensate injuries for which in law they are not responsible. Unlawful requirements of public service corporations would cause unjust injury to those whose labor and property are used in rendering the service, and injuriously affect the service and rates afforded the public, thereby violating positive law and public policy.

Damages may not be recovered for all the injurious consequences that might be shown to have resulted whether proximately or contemplated or not from mere negligence in performing a stipulated or legal duty or service. A rule authorizing such a recovery would be patently unjust and detrimental to the public welfare. But where there is negligence and no contributory negligence, damages may be recovered for such injurious consequences as follow in ordinary natural sequence from the negligence, or such as reasonably should have been contemplated as the ordinary, natural result of the negligence had proper attention been given to the subject. See Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732; Hadley v. Baxendale, 9 Exch. 341; Squire v. Western Union Tel.

Co., 98 Mass. 232, S. C. 93 Am. Dec. 157; W. U. Tel. Co. v. Merritt, *supra;* W. U. Tel. Co. v. Milton, *supra.*

Where a telegraph company negligently fails to perform its duty in transmitting and delivering messages properly delivered to it for transmission and delivery, the damages that may be recovered are for such injurious consequences as proximately result from the negligence which should have been contemplated by the company from the character of the message or from other information, if proper attention had been given thereto, as probable consequences of the negligence, or as likely to result from the negligence in ordinary natural sequence. See Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495; Western Union Tel. Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024; Western Union Tel. Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838, 7 Am. and Eng. Ann. Cas. 531; Harrison v. Western Union Tel. Co., 143 N. C. 147, 55 S. E. Rep. 435, 10 Am. & Eng. Ann. Cas. 476 and notes.

In an action for damages for injury of any character caused by the negligence of a telegraph company in the transmission or delivery of messages properly delivered to it for transmission and delivery, the plaintiff should show that the telegraph company, either from the character of the message or from information imparted to its agent, had such notice as that the injurious consequences alleged should have been contemplated as natural, probable results of the negligence complained of and that such injurious consequences resulted proximately from such negligence. See Williams v. Western Union Tel. Co., 136 N. C. 82, 48 S. E. Rep. 559, 1 Am. & Eng. Ann. Cas. 359; Kernodle v. Western Union Tel. Co., 141 N. C. 436, 54 S. E. Rep. 423, 8 Am. & Eng. Ann. Cas. 469; Seifert v. Western U. Tel. Co., 129 Ga. 181, 58 S. E. Rep. 699, 121 Am. St. Rep. 210.

The message in this case does not indicate that it is of any business importance, it does not disclose what relation the plaintiff and addressee bore to each other, or any understanding between them, or any mutual or other obligations existing between them, or the physical condition of the plaintiff. The declaration does not allege any knowledge possessed by or imparted to the agent of the defendant except that given by the message itself. From the terms of the message disappointment, inconvenience and personal expenses should have been contemplated as probably to result naturally and proximately from a failure to promptly deliver the message to the addressee; but from the face of the message personal or other suffering could not reasonably have been contemplated as a natural, probable result of negligence in delivering the message. Disappointment and inconvenience, if proper elements for compensatory damages, are not alleged. Expenses incurred by the plaintiff by reason of the negligence of the defendant in not promptly delivering the message appear to be proper items for compensation; and the trial court allowed these to remain in the declaration. There are no sufficient allegations of injury proximately resulting from the delay in delivering the message that should have been contemplated from the face of the message as the ordinary natural sequence of the negligence of the defendant except the tolls for the telegrams and the expenses incurred by the plaintiff because of the delay.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.