FRED F. DORNER, *Plaintiff in Error,* v. WILSON & TOOMER FERTILIZER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed June 3, 1922.

In an action on the case for damages, if the declaration makes a case entitling the plaintiff to any recovery whatever, even though it be only nominal damages, a demurrer will not lie thereto because it claims other or greater damages than the case made legally entitles the plaintiff to recover; demurrer not being the proper way to test the *extent* of the recovery to be had. Such questions are properly raised and settled by objections to testimony at the trial, or in the shape of instructions to the jury as to the law applicable to the points raised.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Reversed.

*George C. Bedell, A. H. King* and *Roswell King,* for Plaintiff in Error;

*Milam & Milam,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment for the defendant on a demurrer sustained to a second amended declaration setting up the breach of an agreement to furnish fertilizers to be used in growing vegetable crops. Errors are assigned on sustaining demurrers to each count of the amended and the second amended declarations.

While the special damages claimed in the declarations as to the failure to make a stated portion of a contemplated crop not alleged to have been planted, may be too remote and speculative to be recoverable under the law, yet it is in substance alleged that pursuant to an arrangement by the plaintiff with the defendant for furnishing fertilizer by the defendant to be used in growing specified vegetable crops, that plaintiff ''had procured and prepared a large acreage to-wit, fifty acres of land, for planting his said crops of celery and lettuce; that he had his crops planted with sufficient plants for fifty acres of celery and lettuce; that it then became and was necessary for plaintiff to procure a quantity of fertilizer sufficient to cultivate said fifty acres of land in said crops of celery and lettuce to mature the same'' and it is in effect alleged that defendant refused to furnish fertilizers as agreed well knowing at the time of the agreement that they would be necssary in growing the crops, etc.   Such damages or losses as are in effect stated in the declaration to have proximately resulted from the breach of the agreement and are capable of reasonably certain ascertainment, may be recovered, therefore the demurrer should have been overruled since the declaration

otherwise states a cause of action. Improper claims for damages may be eliminated by motion under the statute, or such improper claims may be rendered innocuous by rejecting evidence as to them, or by appropriate charges respecting them. See Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820; Hall v. Western Union Tel. Co., 59 Fla. 275, 51 South. Rep. 819, Tedder v. Riggin, 65 Fla. 153, 61 South. Rep. 244; Harris v. Cocoanut Grove Development Co., 63 Fla. 175, 59 South. Rep. 11; Cline v. Tampa Water Works Co., 46 Fla. 459, 35 South. Rep. 8; Borden v. Western Union Tel. Co., 32 Fla. 394, 13 South Rep. 876.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.