# WILLIAM B. HOOKER, APPELLANT, vs. WILLIAM H. JOHNSON, APPELLEE.

1. It is a settled rule of practice, that if *uncertainty* occurs in any of the pleadings of a party, they will be most strictly construed against him whose pleadings they are.

2. Where, in an action of covenant, the plaintiff avers in his declaration *full performance* on his part, and that is the issue to be tried, it is improper for the Judge so to instruct the Jury as to raise the question of excuse for non-performance by the plaintiff.

3. But to warrant the Appellate Court to reverse the judgement for such erroneous instruction, the Court must be satisfied that the jury was misled, and were thereby influenced to render a verdict which they would not otherwise have given.

4. If upon a consideration of the whole case, the Appellate Court shall conclude that substantial justice has been done between the parties and that the Jury might and ought from the facts to have come to the conclusion that they did, the verdict will not be disturbed.

5. The Statute of Florida dispenses with proof of the execution of the instrument sued on, unless the plea denying the execution be verified by the oath of the party; but this provision of the Statute has never been taken to dispense with the necessity of exhibiting the instrument to the Jury as evidence in the cause.

6. Where the bill of exception does not show that the instrument sued upon was exhibited to the Jury, but it does show that the defendant asked and obtained an instruction predicated upon the presence and exhibition of the instrument, it will be presumed that it was duly offered in evidence, and he is *estopped* from denying the fact, or of predicating error thereon.

Appeal from Hillsborough Circuit Court.

The opinion of the Court contains a sufficient statement of the facts of the case.

*Gettis & Mitchell* for Appellant.

*Hart & Rogers* for Appellee.

DuPONT, C. J., delivered the opinion of the Court.

This is an action of covenant instituted in the Circuit Court of Hillsborough county, by Johnson the appellee, against

Hooker the appellant. The declaration sets out *in hæc verba,* the instrument sued upon, which contained divers and numerous covenants to be performed by the parties respectively. It also avers a full performance by the plaintiff and complained that the defendant had failed to perform the covenants stipulated to be performed on his part, and set forth specially the several breeches complained of. The defendant filed several sets of pleas, some of which were ruled out upon demurrer, but as no exception was taken to these rulings, it will be unnecessary further to advert to them.

The pleas upon which issue was joined are as follows :

1st. Non-performance of conditions by the plaintiff.

2d. Excuse for non-performance by defendant.

3d. Set-off.

4th. *Non est factum.*

5th. Former recovery.

Upon these issues the cause went to trial, and after the testimony had been closed, the counsel for the defendant asked the Court to instruct the jury as follows : " that unless the plaintiff, Johnson, has proven that he has performed all of his part of the covenant, then they must find for Hooker, the defendant," which instruction was given with the following addition : " but if they are satisfied from the evidence that the non performance of the plaintiff, if any was occasioned by the non performance of the defendant, they should find for the plaintiff." Under this charge of the Court, the jury returned a verdict for the plaintiff for the sum of $614, for which amount judgment was accordingly entered. The defendant's counsel then applied for a new trial upon the following grounds, viz :

1st. Because the evidence which was given in the case does not sustain so-large a verdict.

2d. Because by the evidence which was given in the case, the jury should have found for the defendant.

3d. Because the jury gave excessive damages.

4th. Because the jury was misled by the addition which the Court attached to the charge asked for by defendant's counsel.

5th. Because the verdict is given against evidence.

The Court refused to grant a new trial, and the appeal being brought to this Court, the following causes are assigned for error :

First. In giving the qualification or addition to the charge asked to be given by the defendant to the jury.

Second : In not granting a new trial on the second cause assigned by defendant, because the deposition of Levin P. Johnson and the evidence of Edmund Jones did not sustain the plaintiff in the issue raised by the fourth plea.

When this cause was before us at a previous term, the record in that appeal exhibited the identical exception which is now assigned as the first cause of error in this case, and although the judgment was reversed upon another ground, viz. the admission of the evidence of an interested witness, yet the Court then intimated in very decided language that the addition or qualification attached to the instruction prayed was manifestly improper, as being irrelevant to the issue joined by the parties. In the opinion delivered in that case the Court say : " The defendant moved the Court to instruct the jury that if they believed from the testimony that the plaintiff did not perform his part of the contract, then they should find for the defendant, which the Court gave, with a qualification, that if the jury find that such non performance on the part of the plaintiff was occasioned by the act of the defendant, the defendant would be liable. It is insisted that the Court erred in attaching this qualification, and we are inclined to that opinion. By referring to the issues which the jury were sworn to try, we find none alleging that a non performance of the plaintiff was occasioned by

defendant.    If there be none, then there was no authority on the part of the Court to give to plaintiff the advantage of a position he had not assumed in his pleadings." In that opinion the Court says further : " As the case will be reversed for the reasons already stated, permission should be given to amend, as well the declaration as the other pleadings, so as to present the case fully and fairly upon the merits."

Under this permission and in accordance with the intimation given, the Counsel for the plaintiff did amend his declaration previous to the last trial in the Court below, with the purpose of presenting such an issue as would warrant the qualification of the charge of the Court, as given on the previous trial.    In order to perceive how far that amendment accomplished the purpose contemplated, we will set it out at large.    The original declaration contained an averment of *full performance* by the plaintiff, of the covenant stipulated to be performed by him, and after specially setting out the several breaches complained of, proceeds as follows : " By reason of which said several breaches of said agreement on the part of said defendant, the plaintiff was then and there greatly injured and embarrassed, in the performance of his part of said agreement, and was prevented from planting and cultivating said premises as well and effectually as he would have done, had the defendant well and truly have performed his part thereof, as in said agreement he had covenanted and agreed to do."

The amendment made at the trial was simply the striking out of the word " embarrassed" and the insertion in its stead of the word " damaged."    This clause of the declaration, (so amended) it is insisted by the Counsel for the plaintiff, is to be viewed as an *averment* by him of an *excuse* for the non-performance of the covenant on his part.    There are several objections to such an interpretation of the clause.    In the

26

202                    SUPREME COURT.

William B. Hooker vs. William H. Johnson.—Opinion of Court.

first place, coming in as it does immediately after the assign-
ment of the breaches, it can be viewed, and doubtless was
originally so intended, only as *inducement* to the damages to
be recovered, and not as an *averment* to be proved. In this
view of the matter, we do not perceive how the substitution
of the word "damaged" for the word "embarrassed" could
have any influence in changing the legal effect of the clause.
Again it must be noted that notwithstanding this attempted
amendment, the declaration still contained the original *aver-
ment of full performance* by the plaintiff, and it can scarcely
be supposed that it was his purpose and design to make two
averments so contradictory and conflicting as "performance"
and an excuse for "non-performance." But if such were the
intention, it is clear that the declaration would in that case
be defective for want of sufficient certainty; and it is well
established that in such case, a party's pleadings will always
be construed most strictly against him. Upon this particu-
lar point then embraced in the exception now under consid-
eration, we do not perceive that the case stands otherwise
than it did, when before us upon the former hearing. Con-
curring fully, as we do, in the views then expressed upon
this point, the important question now arises, whether for
this very manifest error of the Court below, we will now re-
verse the judgment and set aside the verdict of the jury ren-
dered at the last trial? To determine that question, two
things are to be considered—*first*, whether the erroneous in-
struction complained of was calculated to mislead the jury
to the detriment of the defendant; and *secondly*, whether
the jury might and ought, under the issues and the evidence
adduced in support of the same, to have given the verdict
that they did. In considering the first head, we will pro-
ceed to show how far this Court has gone in sustaining the
judgments of the Circuit Courts, even when manifest error

has been committed in the admission or rejection of evidence and in granting or refusing instructions to the jury.

In the case of Randall vs. Parramore & Smith (1 Fla. R. 409), it is ruled that, " when a party has sustained no injury from the rejection of admissible testimony, he cannot avail himself of the mistake to reverse the judgment." " If the verdict be conformable to the law and evidence, it will not be set aside merely because the Court refused to give instructions which might have been properly given." " The refusal of the Court to give an instruction, which would not benefit the party asking it, is not error, nor is an erroneous instruction upon an abstract question of law, which is not involved in the decision of the Court, a ground for reversing the judgment."

In the case of Proctor vs. Hart (5 Fla. R. 465), it was decided that " where a charge is given to the jury, which is entirely abstract, or out of the case, so as not to affect it, although the charge be erroneous as a proposition of law, yet this will not constitute a good ground of exception." " It is not every irrelevant instruction that will afford a ground for error. The instruction to be erroneous must be not only irrelevant, but likely to mislead the jury in the formation of their verdict." 8 Fla. R., 161, Milton vs. Blackshear.

From these citations of the rulings of this Court, it will be perceived, that in considering an exception to the instruction of the Judge below to warrant this Court in pronouncing a reversal, it is not enough that the instruction should be found to have been improperly given, but it must be made to appear that the jury was mislead, or in other words that the verdict could not have rightly been rendered but for the instruction excepted.

This leads us to the consideration of the *second* point proposed, viz : " whether the jury might and ought, under the

issues and the evidence adduced in support of the same, to have given the verdict that they did."

There were only two witnesses who testified as to the per. formance of the parties under the contract, and as to the amount of the damages sustained by the plaintiff, viz: Levin B. Johnson and Edmund Jones. The witness Johnson testified very fully as to the faithful performance by the plaintiff of his part of the agreement, and also as to the amount of the damage sustained by him in consequence of the non performance of the defendant. In order to understand the bearing of this testimony, it is necessary to premise that the agreement between the parties, out of which this suit arose, was for the making of crop on shares, Hooker obligating himself, amongst other things, to furnish the seeds to be planted, and Johnson to cultivate and gather the crop when made, according to the best of his skill and ability. The amount of sea island cotton to be planted was thirty-three acres. In answer to the 9th direct interrogatory, the witness says : I know that the defendant furnished cotton seed enough to plant thirty-three acres of land; the said seed was furnished on the farm on the 15th day of April of that year, which was about two months after the usual time for planting cotton seed in this State. The dry season was so far advanced that there was not sufficient moisture in the land to sprout but very few of the cotton seeds, except about two acres on the lower side of the farm adjoining to a bay-head. I know that the plaintiff, Johnson, repeatedly urged the defendant, Hooker, to send on the cotton seed sooner. The plaintiff was damaged by the defendant failing to furnish cotton seed in proper time for planting. The cause of the damage was this, if the defendant had furnished the cotton seed in the usual time for planting cotton seed, the plaintiff would have made six or eight hundred weight to the acre in the seed, on an average, whereas he only made an average

TERMS HELD IN 1860. 205

William B. Hooker vs. William H. Johnson.—Opinion of Court.

of about 250 pounds to the acre." Upon the date furnished in this answer, it will be seen that the *loss* to the plaintiff in the quantity of cotton which he ought to have made, if the cotton seed had been furnished in due time, amounted to about 7,500 lbs. of the seed. In addition to this the witness testifies to the damage sustained in the failure to furnish horse feed for the plough team—the absence of one of the hands to be furnished by the defendant for the space of two months, and various other items of loss, which all taken together, we think, might well warrant the jury in giving the verdict that they did, under the instruction asked for by the defendant himself, and uninfluenced by the qualification attached to it by the Court. We think, then, that this *first error* assigned ought to be overruled.

To avoid any misapprehension on the subject, it may be proper to remark that we do not consider this ruling as in conflict with the conclusion arrived at by the Court when this case was previously under consideration. As before stated, the reversal at that time was had upon another ground, as may be seen by reference to the views expressed in the opinion delivered. In commenting upon this assignment of error, the Court there say : "As the case will be reversed, *for the reasons already stated*, permission should be given to amend, as well the declaration as the other pleadings, so as to present the case fully and fairly upon the merits."

The second and last error assigned is in these words, " the Court erred in not granting a new trial on the second cause assigned by defendant, because the deposition of Levin P. Johnson and the evidence of Edmund Jones did not sustain the plaintiff in the issue raised by the fourth plea." By reference to the record it will be found that the "*second cause*" alluded to in this assignment is as follows : " because by the evidence which was given in the case, the jury should

206 SUPREME COURT.

William B. Hooker vs. William H. Johnson.—Opinion of Court.

have found for the defendant." The cause thus stated as a ground for the new trial, is so indefinite that but for the position assumed in the argument of counsel, the Court would be at a loss to perceive the particular point intended to be insisted upon. From that argument, however, we learn that the objection is, that the record presents no proof that the agreement sued upon was ever in evidence before the jury. The fourth plea alluded to in this assignment is substantially a plea of *non est factum*, and it is undoubtedly true that when the execution of the instrument is put in issue by such a plea, the rules of the common law require that the plaintiff shall not only prove the execution but shall also put the instrument in evidence by reading it to the jury, or in some other way. If the deed is not put in issue by the plea of *non est factum*, the defendant is understood to admit so much of the deed as is spread upon the record. 1 Arch., N. P., 435 ; 2 Greenleaf on Ev., 191.

Our statute dispenses with the proof of *execution* unless the plea is verified by the oath of the party, but this provision of the statute has never been taken to dispense with the necessity of exhibiting the instrument to the jury as evidence in the cause. Thomp. Dig. 331, § 4.

In looking into the *bill of exception* filed in this cause, it does not appear that the instrument sued upon was ever *exhibited* to the jury, nor indeed is any other of the evidence set out, as it ought to have been. There is simply a *reference* to the evidence used at the trial, as bearing the attestation of the Judge below that it was so read. In this reference no allusion is made to the written instrument, but we think that the defendant is estopped from alleging that it was not put in evidence, when it is seen that the very instruction asked for by him assumes the fact that it had actually been read and was then before the jury. Under these circumstances the Court is disinclined to sustain the second error as-

signed, and we are the more inclined to this conclusion in view of the very imperfect manner in which the cause has been presented to us by the record, for, according to the usual practice of the Court, we would have been justified in dismissing the appeal upon the single ground of a defective bill of exception.

It is therefore ordered and adjudged that the judgment of the Circuit Court be affirmed with cost.