WINNIE ANN WEST, ET AL., APPELLANTS, VS. FRANCIS P. FLEMING, GOVERNOR, FOR USE, ETC., APPELLEE.

It is not proper to render a final judgment after a default entered in a suit on a bond without the production of the bond, or proper evidence of it, as the original cause of action must be produced on the final hearing, or a proper account made of its absence.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellants.

*Walker & L'Engle*, for Appellee.

MABRY, C. J.:

The suit in this case was instituted by appellee against the principal and sureties on an administratrix's bond. The original defendants in the suit were Winnie Ann West, the administratrix, and David H. Tanner, James C. Watson and Henry Tison, the sureties on the bond. Tanner was not served, and, as appears from the sheriff's return, did not reside in the county.

The suit is on the bond, the usual one given in such cases, which is set out *in haec verba* in the declaration and a copy filed therewith. After alleging the office of the Governor, and the appointment of Winnie Ann West as administratrix, and the execution and approval of the bond, it is alleged that Annie Reynolds, wife of Robert Reynolds, by her next friend, filed a bill in chancery against the administratrix alone, alleging a waste of property of the estate in her hands, and that upon final hearing a decree was rendered against her for $848. As a breach of the bond sued on it is alleged that the said administratrix did not well and truly administer the goods and chattels, rights and credits of the estate of her intestate; but, on the contrary, committed a waste thereof, as adjudged against her in the chancery suit, in this, that she permitted, through negligence, the lands of the intestate to be sold for the non-payment of the taxes due thereon to the State, by means whereof the same became lost to the estate. The chancery decree referred to is not made a part of the declaration, nor is any part of such chancery proceedings filed therewith.

On the rule day to which the summons was returnable, default was entered by the clerk against Winnie

Annie West and James C. Watson, the non service of Tanner being at the time noted, and an appearance filed for Henry Tison.

Two pleas were filed by Tison on the following rule day, and on motion of counsel for plaintiff they were stricken out, with leave to file amended pleas. An amended plea, in substance the same as one stricken out, was filed, and, on motion for that purpose, and for final judgment, the court at chambers struck out the plea, ordered a default against Henry Tison, as being in default of pleading, and directed the clerk, upon production before him of the chancery decree made of record in the Circuit Court, to enter final judgment against all the defendants, except David H. Tanner, as to whom non-service of process was noted, for the sum of $848, the amount of the decree, with interest thereon from its date. In pursuance of such order, and on the same day it was made, the clerk entered a default against Henry Tison, and also a final judgment against all the defendants, except David H. Tanner, for the sum of $872.02, the principal of the decree and interest thereon. The final judgment recites the production before the clerk of the final decree in chancery, and it is set out in the judgment. From this judgment defendants have appealed.

After the record on appeal was filed in this court, the death of Henry Tison was suggested, and the suit as to him revived in the names of his executors, Henry L., Thomas J., Moses and Howell Tison.

The final judgment entered in this case upon the default can not be sustained. The suit was upon the bond, and the liability of the sureties certainly was dependent thereon. Under the status of the case it may be true that the extent of their liability on the bond was the amount of the decree rendered against

the administratrix, but the sureties were not parties to the chancery proceedings resulting in the decree, and the basis of liability on their part for anything is the bond upon which they were sued. The original bond was not filed with the declaration, nor was it before the judge or clerk when the judgment was entered. Without the production of the original bond, or a duly certified copy of it, the judgment upon the default was unauthorized. It is true that at the time the final judgment was entered all the defendants were under a default, but this did not put them entirely out of court and authorize a judgment in violation of law. It was decided in Hooker vs. Johnson, 10 Fla. 198, that while the statute dispensed with the proof of the execution of the instrument sued on unless denied by plea under oath, it had never been considered that such provision dispensed with the necessity of exhibiting the instrument to the jury as evidence in the case. In Watson vs. Seat & Crawford, 8 Fla. 446, it was held that a defendant against whom a default had been taken for want of a plea was not absolutely out of court, but still retained the right to appear upon an inquest of damages to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages and address the jury. See also Russ vs. Gilbert, 19 Fla., 54. In Columbia County vs. Branch, 31 Fla. 62, 12 South. Rep. 650, we held that where a plaintiff takes a default upon a declaration with a definite cause of action filed therewith as a bill of particulars, and standing upon such default, causes a final judgment to be entered, he is confined as to the amount of his judgment to the cause of action filed with the declaration, and that it was error for him after the default had been entered, and while still insisting thereon, to amend the bill of particulars and take judgment for a

larger amount than was due on the original bill of particulars. In the case just cited the final judgment was entered in term time under the direction of the court. The rule is well settled in chancery that a party, even under a decree *pro confesso* must produce on the final hearing the original cause of action, or account for its absence, and that a decree without such evidence will be error. Lenfesty vs. Coe, 34 Fla. 363, 16 South. Rep. 277. We perceive no reason why a like rule should not obtain at law.

If it be conceded that the Circuit Judge was holding court as to the case before him when he struck out the plea of Henry Tison (McGee vs. Ancrum, 33 Fla., 499; 15 South. Rep. 231), still no judgment should have been entered upon the default without the production of the original bond upon which the suit was based, or a duly certified copy thereof. The authorities cited from this court clearly establish the rule that a default does not so far put a defendant out of court as to deprive him of the right of insisting on the production of proper evidence in entering final judgment. Whether the case was one founded upon a liquidated demand not requiring the introduction of any witness or witnesses, and the damages could have been assessed by the clerk (Act of November 21, 1828, sec. 21; McClellan's Digest, p. 835, sec. 100), and whether the production of the decree alone without anything further was sufficient, we need not consider here, as the absence of the original bond upon which the suit was based, and upon which defendant's liability for any amount is dependent, renders the judgment erroneous.

The other questions argued are not considered, as it appears, as matter of adjudication here, that the chancery decree against Winnie Ann West, the admisistratrix, has been reversed (West vs. Reynolds, 35 Fla.

317, 17 South. Rep. 740). The judgment at law now before us was rendered before the appeal was entered in the chancery case, and the reversal of the decree in the latter case does not enter into the determination of the former. Both cases have been presented and considered here as independent of each other, but as the reversal of the chancery decree will put an end to any further proceedings thereon at law, it is not deemed necessary to decide the other points raised in the present appeal.

The judgment of the court below will be reversed for the reason assigned.