FIDELITY & DEPOSIT COMPANY OF MARYLAND, A CORPORA-
TION, *Plaintiff in Error,* v. S. B. AULTMAN, *Defendant in
Error.*

1. Where a declaration states a cause of action for at least nomi-
nal damages a ground of demurrer that no cause of action
is stated is unavailing.

2. Where a bond is the joint and several undertaking of two or
more parties the obligors may be sued severally or all jointly.

3. Grounds of demurrer that reach only the extent of the dam-
ages to be recovered are unavailing where a cause of action
for at least nominal damages is stated.

4. In an action on a bond in which the obligation is limited in
amount, it is immaterial on demurrer that the *ad damnum*
clause states an amount in excess of the liability on the bond.

5. Where a cause of action is stated, improper claims for special
damages in a declaration are reached not by demurrer but by
proper motion, or by exclusion of evidence relating thereto, or
by proper instructions by the court to the jury.

6. In an action at law where pleas do not tender an issue of fact
going to the cause of action and are wholly irrelevant and
improper they may be stricken on motion.

7. Pleas offered with motion to vacate a judgment by default are
not a part of the record proper when they are not allowed to
be filed by the court, and they should be evidenced to the
appellate court by a proper bill of exceptions.

8. Motions based upon matters *dehors* the record proper are not
self-supporting, and matters *in pais* in support of the motions
should be brought to the appellate court by proper bill of
exceptions.

9. In an action on a bond, requested charges that if a portion
of the damages claimed were paid by or charged to a volun-
teer third party who was to pay the same to the plaintiff, even
if warranted by the evidence, are properly refused when they
tend to confuse the issues.

10. Requested charges going to the entire cause of action are properly refused after judgment by default has been rendered by the court.

11. The rule dispensing with proof of the execution of a bond unless the execution is denied by plea under oath, does not dispense with the production of the instrument at the trial.

12. An admission that a bond was approved and filed is not necessarily an admission that the bond was executed by the alleged obligors.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*J. J. Lunsford* and *H. P. Baya,* for Plaintiff in Error.

*H. S. Hampton,* for Defendant in Error.

WHITFIELD, C. J.—An action was brought in the Circuit Court for Hillsborough County by S. B. Aultman against the plaintiff in error upon an injunction bond for $1000 given in a case wherein R. F. Bickerdike as next friend of Elizabeth J. Bickerdike was plaintiff and S. B. Aultman was defendant. The bond was the joint and several obligation of R. F. Bickerdike and the Fidelity & Deposit Company of Maryland, and was conditioned to "pay to S. B. Aultman, defendant, in said suit, all costs and damages which may be sustained by him by reason of the issuance of the temporary writ in case the same shall be dissolved." The declaration alleges that the injunction was dissolved and that during the time the in

junction was in force the defendant "in securing a dissolution of the said injunction was compelled to expend $90 railroad fare, $800 attorney's fees, $20 for attending hearing before the court, 10 dollars for securing affidavit and filing same in court, amounting to $920.00, "which said amount plaintiff expended by reason of the said injunction order without deriving any benefit therefrom in and about his defense in that behalf."

The declaration was demurred to upon the grounds that (1) no cause of action is stated; (2) the action is against only one obligor; (3) the attorney's fees are not alleged to be reasonable; (4) the damages are too remote; (5) the railroad fare is not a proper claim against the bond; (6) it does not appear that the damages accrued between the issuance and the dissolution of the injunction; (7) the amount of the bond is $1000.00, while damages are laid in $1,999.00; (8) no facts are alleged for general damages. This demurrer was overruled, and the defendant filed the following pleas:

"Defendant avers that if it is responsible at all for attorney's fees as an element of damage in the above cause it is only responsible for reasonable attorney's fees necessary in the dissolution of the temporary writ of injunction and defendant denies that the sum of $800 is a reasonable attorney's fee for the dissolution of the said temporary writ of injunction.

And for a second plea defendant denies that the plaintiff herein was compelled to expend the sum of ninety dollars railroad fare from Chicago to Tampa and return in securing a dissolution of the temporary writ of injunction and further denies that the said sum of $90 is a proper element of damage for which said defendant as obligee on said injunction bond is responsible.

And for a third plea defendant denies that the complainant herein was compelled to expend the sum of

$20.00 ($20.00) for attending the hearing before the court at Wall Springs, and further denies that plaintiff herein was compelled to expend the sum of Ten Dollars ($10.00) in securing affidavits to be filed in the said court.

And for a fourth plea, defendant denies that by reason of anything in the said injunction bond contained, it has become liable to the complainant as an obligee on said bond in the sum of Nine Hundred and Twenty Dollars ($920.00) by reason of the dissolution of said writ of injunction.

And of these, defendant puts itself upon the country."

A motion to strike the pleas because inadmissable and improper, and because irrelevant and immaterial, was granted after argument by counsel for both parties. No leave to file other pleas appears to have been asked. Judgment by default was entered by the court and the cause was referred to a jury for the assessment of damages.

A motion subsequently made to vacate the default judgment and for leave to file pleas, and the order denying the motions are with the pleas copied into the record proper, but as they are not a part of the record proper, never having been allowed by the court, and as they do not appear in the bill of exceptions they will not be stated in full. The jury assessed the damages at $820 and interest from the date of the institution of the action. A motion for a new trial was denied and an exception taken. Judgment was entered for the amount of the verdict and the defendant took writ of error.

The first ground of the demurrer is unavailing since the declaration states a cause of action for at least nominal damages. Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92. As the bond is the joint and several obligation of the defendant company and another, the second ground of the demurrer fails. Where a bond is the joint

and several undertaking of two or more parties the obligors may be sued severally or all jointly. See 2 Andrews Am. Law. 1347; 1 Chitty's Pleading 143. The reasonableness of the attorney's fees claimed as damages is a matter of proof and does not go to the cause or right of action. As a breach of the condition of the bond is alleged the special damages stated by the fourth, fifth and sixth grounds of the demurrer to be too remote and not within the condition of the bond go to the damages recoverable and not to the action. Since the obligation of the bond is limited to $1000, the excess of this amount put in the *ad damnum* clause is immaterial. A failure to allege general or substantial damages does not render the declaration subject to a demurrer when a cause of action for at least nominal damages is stated. Where a cause of action is stated improper claims for special damages in a declaration are reached by proper motion or by exclusion of evidence relating thereto or by proper instructions by the court to the jury. See Western Union Tel. Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838, 7 Am. & Eng. Anno. Cas. 531; Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820; Borden v. Western Union Tel. Co., 32 Fla. 394, 13 South. Rep 876.

The pleas did not tender an issue of fact going to the cause of action and were therefore properly stricken as being wholly irrelevant and improper. Russ v. Mitchell, 11 Fla. 80; Southern Home Ins. Co. v. Putnal, 57 Fla, 199, 49 South Rep. 922.

The motion to vacate the default judgment was not in accordance with the rule, and the pleas tendered with the motion do not appear in the bill of exceptions. Even if the motion itself be regarded as a part of the record proper, it is not self supporting and as the matters presented in support of the motion are *in pais* they should be brought up for review in a proper bill of exceptions.

As the pleas offered after the default judgment was entered are not a part of the record because they could not be filed as a matter of right and were not permitted by the court to be filed, they cannot be considered here even though they are copied in the transcript, since they are matters *in pais* and are not included in the bill of exceptions. Thomas v. Walden, 57 Fla. 234, 48 South. Rep. 746; Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 South. Rep. 239.

Charges that if a portion of the damages claimed were paid by or charged to another party who was to pay the same to the plaintiff, even if warranted by the evidence, were properly refused as calculated to confuse the issues, any such obligation of the third party being voluntary as to the defendant. Charges going to the entire cause of action were properly refused as a judgment by default had been rendered by the court.

The court having by appropriate questions to a witness ascertained without objection or contradiction that in order to get affidavits for the purpose of dissolving the injunction it was necessary for the plaintiff to take persons to Tampa, it was not error to refuse to strike testimony as to small items of expense for meals incident thereto. See Gonzalez v. DeFuniak H. T. Co., 41 Fla., 471, 26 South. Rep. 1012.

It does not appear that the bond sued on was put in evidence. As to the practice in requiring the production of the original bond or a certified copy at the trial where the final judgment is entered by the clerk under the statute, see West v. Fleming, 36 Fla. 298, 18 South. Rep. 587. And as to the practice where the execution of the instrument is denied see Hooker v. Johnson, 10 Fla. 198. In this case it was admitted of record that the bond was approved and filed in the clerk's office, but there is no direct express admission that the instrument was duly

executed and delivered. The rule dispenses with proof of execution unless specially denied by plea under oath, but it does not dispense with the production of the instrument at the trial. Hooker v. Johnson, *supra*.

The judgment is reversed.

All concur, except COCKRELL, J., dissenting.

Petition for rehearing in this case denied.