83 So.2d 769 (1955)
W.R. RUTH, Gale Packing Co., R.E. Stokes, O.H. Morris Crab Company, W.H. Parker, and B.N. Stokes, Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY CO., a surety company authorized to do business in Florida, Appellee.
Supreme Court of Florida. Special Division A.
November 23, 1955.
Walton & Walton, J.V. Walton and Kate L. Walton, Palatka, for appellants.
Z.D. Giles, Leesburg, for appellee.
STANLY, Associate Justice.
The questions involved in this appeal will be clarified by stating the historical background which brought on the instant suit.
On May 1, 1952, Gid Willson and Lake County Fish and Game Association obtained an order from the Circuit Court of Lake County providing for the issuance of a temporary injunction enjoining and restraining *770 the same persons who appear here as appellants in the instant suit, and also one T.S. Biggs who has since died, from carrying on a commercial fish seining operation in the waters of Lakes Harris and Eustis in Lake County, Florida, to become effective upon their filing surety bond in the sum of $1,500 conditioned to pay the defendants such costs and damages as may be incurred or suffered by them by reason of the wrongful issuance of said injunction. Bond as required was furnished by Gid Willson and Lake County Fish and Game Association, as principals, and United States Fidelity and Guaranty Company, as surety, and the injunction was in force and effect until this Court directed that the injunction be dissolved and that the suit be dismissed. Biggs v. Willson, Fla., 60 So.2d 399.
The aforesaid injunction bond expressly provided that it was the joint and several obligation of the aforenamed principals and surety. Following dissolution of the injunction the obligees under said bond, consisting of the same persons who are the appellants in the instant suit, together with T.S. Biggs who was living at the time, filed suit in the Circuit Court of Lake County, Florida, on November 20, 1953, against the surety, United States Fidelity and Guaranty Company, for damages alleged to have been sustained by reason of the alleged wrongful issuance of said injunction. The defendant surety filed a motion to dismiss that complaint upon the theory that the principals on the bond, namely; Gid Willson and Lake County Fish and Game Association were necessary and indispensable parties to the suit. After hearing on said motion the trial judge entered an order on January 21, 1954, wherein he sustained said motion and ordered that said principals on the bond be made parties to the suit, and allowed the plaintiffs therein ten days to amend their complaint in compliance with said order, and further ordered that in the event the plaintiffs failed to so amend their complaint within the ten day period allowed then the cause would stand dismissed. However within a few days prior to the expiration of the ten days allowed plaintiffs to amend as aforementioned the trial judge by his letter dated January 27, 1954 and bearing the caption of said case, wrote the attorneys for the respective parties to the suit, stating:
"Both you * * * stated before me at a hearing in the above styled cause that you had been unable to find any Florida authorities on the question of proper parties in an action on an injunction bond.
"Pursuing a faint memory of such a case, I uncovered the case of Fidelity and Deposit Company of Maryland v. Aultman, reported in [58 Fla. 228] 50 So. at page 991. Superficially, it appeared that my ruling in this cause was erroneous, and I would like to have your reaction if you have studied the above cited case."
Notwithstanding such commendable demonstration of the trial judge's industry and eagerness to assure correct disposition of the matter it appears that this litigation thereafter embarked upon a series of misguided courses.
Insofar as any of the records available to us reveal the aforementioned order and letter of January 21st and 27th respectively brought to an end the proceedings had in the trial court in that case, which was assigned docket No. 5756 in the trial court, and will be hereinafter identified by reference to such docket number. No other pleadings, orders, or papers of any kind, were subsequently filed in that suit.
The next move observed was that the plaintiffs in case No. 5756 filed in this court their petition for writ of certiorari in which they, for the first time, asserted:
"Plaintiffs elected not to amend (Clerk's certificate following Transcript of Record) and on January 31, 1954, the said Order of January 21, became final".
By such proceeding petitioners apparently hoped to have the order of January 21st quashed, but upon authority of Wolf v. Industrial Supply Corp., Fla., 62 So.2d 30, it was doomed from inception, and the *771 requested writ of certiorari was properly denied without opinion. Biggs v. United States Fidelity & Guaranty Co., Fla., 73 So.2d 714. Proceedings to effectuate an appropriate appeal to test the correctness of the ruling complained of were available to the complaining parties. Compare Schwenck v. Jacobs, 160 Fla. 33, 33 So.2d 592, with Sumerall v. Florida Tar & Creosote Corp., Fla., 55 So.2d 713.
Following denial of certiorari the complaining parties embarked upon a renewed effort to litigate their claim involved in former case 5756, in the form of the instant case now before us. In it the parties plaintiff in the lower court, who are the appellants here, brought their second suit against United States Fidelity & Guaranty Company upon the aforementioned injunction bond for damages in the nature of loss of profits from fishing during pendency of injunction, and attorney's fees, alleged to have been sustained by reason of wrongful issuance of aforementioned injunction. We deem it immaterial that one of the original obligees under the bond, namely, T.S. Biggs, had died subsequent to the filing of former suit 5756 but prior to institution of the instant case so as to prevent the inclusion of his name as a party plaintiff in such latter suit. Except for that however the instant case and former case 5756 are identical suits between the same parties, upon the same identical cause of action, pending in the same court, and at the same time.
The defendant surety company in the instant suit, who is the appellee here, filed a motion to dismiss the complaint in the second suit, which motion set forth the identity of the parties and causes of action involved in the two suits mentioned, plaintiffs' unsuccessful attempt on petition for certiorari to have this court quash the order of January 21, 1954, entered in former case 5756, which last mentioned procedure it chooses to erroneously label "an appeal from a final judgment" therein amounting to an affirmance of such so-called final judgment, and concluded by moving the court to dismiss the cause at plaintiffs' cost, and to adjudicate plaintiffs to be in contempt of court for asserted disregard of the court's judgment in former case 5756. At the hearing on said motion the trial judge considered the record of the former case 5756 properly before him and construed the order of January 21st rendered therein as a final judgment entitling the defendant surety company to the protection of the doctrine of res judicata and, by order entered in the instant case dated July 28, 1954, "Ordered and Adjudged that this action be, and the same is hereby, dismissed at the cost of the plaintiffs and with prejudice against the plaintiffs and each and every of them bringing a further or subsequent action against the defendant in this cause upon the same subject matter as in this cause involved, and that that portion of the motion to dismiss which seeks the issuance of an order of contempt is denied." This appeal is prosecuted to test the correctness of that order.
We think the order appealed from constituted reversible error. The complaint alleged the essential elements necessary to state a cause of action in favor of the plaintiff against the defendant surety company. A copy of the bond sued upon was attached thereto. It provides that the undertaking of said bond was the joint and several obligation of the principals and surety. In the case of Fidelity and Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 So. 991, 992, we held that:
"As the bond is the joint and several obligation of the defendant company and another, the second ground of the demurrer fails. Where a bond is the joint and several undertaking of two or more parties, the obligors may be sued severally or all jointly."
That ruling conforms to the general statement of law on the subject. See 39 Am. Jur., page 908, Section 39, and cases cited therein. And we consider it decisive in establishing plaintiffs' right to sue the surety alone without the necessity of joining the principals on the bond in the suit.
That phase of the motion to dismiss the complaint in this second suit which sought to have the trial court consider the *772 record of the former case 5756, as well as the aforementioned certiorari proceedings, and construe same to be res judicata of the matter in litigation is without merit. In City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172, 178, we held:
"* * * A plea of res adjudicata that fails to aver a final judgment or other final disposition between the same parties for the same cause of action is bad. See Walton Land & Timber Co. v. Louisville & N.R. Co., 69 Fla. 472, 68 So. 445."
We have often held that "the test of a final judgment is whether the judicial labor is at an end", Slatcoff v. Dezen, Fla., 72 So.2d 800, 801, and other cases cited therein.
Considering the trial judge's letter of January 27 in connection with the order referred to it is apparent that the judicial labor in former case 5756 was not ended by the entry of the order of January 21, 1954. Hence that order fails to measure up to the test of a final judgment, and accordingly could not be successfully urged as res judicata to bar the instant action. It also follows that appellee's contention that the earlier certiorari proceedings referred to "was actually an appeal from a final judgment" and that the denial of the requested writ amounted to an affirmance thereof by this Court is without legal efficacy. This court neither affirms nor reverses the judgment upon common-law writ of certiorari.
It is apparent that former case 5756 has languished for lack of prosecution. Accordingly Section 45.19 Florida Statutes, as amended by Section 32 of Ch. 29737, Acts of 1955, F.S.A., may be invoked to accomplish its dismissal.
Reversed and remanded for further proceedings in conformity with the principles enunciated above for disposition of the case on its merits.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.