HORTON, Judge.
This is an appeal from a final judgment dismissing the plaintiff’s second amended complaint. The trial judge found the contract sued upon was one of suretyship rath *253 er than guaranty, thus requiring the addition of the principal as party-defendant.
The facts, as disclosed by the complaint, reveal that Edward Corporation of Miami refused to deliver goods to Medley Industries without the joinder of the appellee in the obligation. After receipt of the order, the supplier, Edward Corporation of Miami, submitted the following “Order Confirmation” to Medley Industries:
“Gentlemen:
“We confirm having entered your above order as follows, subject to conditions on the reverse side hereof:
“We confirm herewith having sold to you approximately 40 tons of bar size angles and smooth rounds as per your specifications and 5 tons of flats, squares and beams.
“It is understood between us that the price for the first item will be 8‡ a lb., and the 2nd item 9‡ a lb.
“The purpose of this contract note is also to receive a confirmation by Messrs. David Woolin & Sons, Inc., that they authorize you to draw this merchandise from us on their behalf and that they will be responsible for payment of your invoices up to the total amount of approximately $8,000.00.
“We would appreciate your acceptance of this contract note on the attached copy which acceptance should be countersigned by Messrs. David Woolin & Sons, Inc.
“Accepted:
“By: /s/ M. Thomas
Medley Industries
Edward Corporation of Miami
Edward Tohari, President”
“Accepted:
“By: /s/ David M. Woolin
David Woolin & Sons, Inc.
After unsuccessful attempts to recover the unpaid balance on this order from Medley Industries, the plaintiff brought suit against David M. Woolin and Sons, Inc., on their promise in the “Order Confirmation”. The defendant moved to dismiss, incorporating, as one of the grounds for the motion, the failure to join an indispensable party. The trial judge dismissed the second amended complaint, finding only that the contract was one of suretyship rather than guaranty. The plaintiff refused to further amend its complaint, final[1] judgment was entered, and this appeal followed.
Both appellant and appellee appear to be in basic agreement on the proposition that the distinction between guaranty and sure-tyship is merely academic and not essential' to a final determination of the obligation created by the contract. In this respect we agree. The determinative point is whether Medley Industries and David M. Woolin and Sons, Inc., were bound jointly, or jointly and severally.
From the wording of the contract, it appears that David M. Woolin and Sons, Inc. and Medley Industries promised to pay for the goods ordered. Thus, we have twO‘ promises for the same act, i.e., payment of the goods ordered and delivered. Generally, under such circumstances, the contract is a joint obligation unless the wording contained in the agreement requires a contrary construction. Restatement of Contracts, § 112; 4 Corbin, Contracts, § 925; 17 C.J.S. Contracts § 349 et seq.
The facts presented herein are analogous to the illustration in Corbin, supra, § 926, p. 705:
“ * * * [T]he dealer replies to the order saying that he will ship no goods to B unless A assures payment for them, and that A replies that he will do so. * * * With respect to the goods shipped to B, the dealer can get judgment against B; and he can get judgment against A. For the goods shipped to B, both A and B have promised to pay. * * * [Tjhese two promises are for one *254 single performance, the payment of the price of B’s goods. Under modern procedure there should be no difficulty in joining A and B as co-defendants in an action for the price of B’s goods, even though they would not he described by the old common law as ‘jointly’ bound, and even though B is principal debtor and A his surety.”
We feel the trial judge correctly treated the contract as a joint obligation in dismissing the complaint for failure to join an indispensable party. The dismissal being without prejudice would not preclude the right of the appellant to bring an action against both parties.
Affirmed.
CARROLL, CHAS., C. J., concurs.
PEARSON, J., dissents.

. Cf. Ruth v. United States Fidelity & Guaranty Co., Fla.1955, 83 So.2d 769, 55 A.D.R.2d 541; Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 So. 991.