OWEN, Judge.
This is an appeal from an order dismissing appellant’s amended complaint for its failure to state a cause of action against the appellee, Federal Insurance Company, said order of dismissal denying plaintiff leave to further amend. We hold that the complaint is sufficient to state a cause of action against the appellee.
The amended complaint alleged in substance that General Electric Credit Corporation had filed in the Small Claims Court of Martin County, Florida, a replevin action against appellant, pursuant to which a *725 replevin bond had been filed on which General Electric Credit Corporation was the principal and the appellee, Federal Insurance Company, was surety (a copy of the replevin bond being attached to the pleadings) ; that the writ of replevin thereupon issued and appellant’s property was taken under the writ; and that thereafter the action was dismissed but the property was not returned to appellant.
The replevin bond on which the present suit was filed in the circuit court was the joint and several obligation of the principal and surety and was conditioned upon General Electric Credit Corporation diligently prosecuting the replevin action and returning the property to appellant if the return thereof be adjudged and to pay to appellant all such sums of money as may for any cause be recovered against General Electric Credit Corporation by appellant in the re-plevin action.
Appellant initially made General Electric Credit Corporation a party defendant [as well as naming Federal Insurance Company a defendant], but shortly after instituting the action, appellant voluntarily dismissed General Electric Credit Corporation. Thereafter, on the motion of Federal Insurance Company the court dismissed the cause of action on the ground that appellant, having voluntarily dismissed General Electric Credit Corporation, could not state a cause of action against Federal Insurance Company, as the surety on the bond, until such time as appellant recovered a judgment against General Electric Credit Corporation in a court having jurisdiction of the same.
While it is true that one of the conditions of the bond could not be said to have been breached until appellant recovered a judgment against General Electric Credit Corporation and the same was not paid, there were two other conditions of the bond, to-wit: the diligent prosecution of the action, and the return of the property if return thereof be adjudged, which were alleged in the amended complaint to be conditions which had been breached. The breach of either one of these conditions would give the obligee a right of action under the bond, and of course, that right of action could be maintained against the surety without first bringing an action against the principal where the principal and surety were jointly and severally liable on the bond.[1]
The order appealed from is reversed and this cause is remanded for further proceedings not inconsistent herewith.
McCAIN, J., and PATTERSON, WILLIAM A., Associate Judge, concur.

. Fidelity & Deposit Company of Maryland v. Aultman, 1909, 58 Fla. 228, 50 So. 991; Ruth v. United States Fidelity & Guaranty Co., Fla.1955, 83 So.2d 769, 55 A.L.R.2d 541.