PER CURIAM.
This is an appeal by the defendant from a final judgment in the amount of $116,869 in favor of Dade County against Reliance Insurance Company, a surety corporation, upon a bond given in connection with a subdivision plat.
In September, 1958, Sterling Realty Corporation, (being the principal herein), and the predecessor of Reliance Insurance Company, executed and delivered to Dade County (the County) a performance bond in the amount of $199,000. The bond was attached to and incorporated by reference in an agreement between the principal and the County for construction and maintenance of certain subdivision improvements within a subdivision plat for which the principal sought and obtained approval from the County.
By the terms of the performance bond, the principal and surety jointly and severally bonded themselves to the County in the final sum of $199,000 for the faithful performance of the agreement and “ * * * for the construction and maintenance of roads as dedicated by said plat, st. signs, side-walks, drainage structures, necessary fill, bridge & guardrails, * * * in a certain subdivision known as Bel-Aire, Section Two.”
The condition of the bond was that if the terms of the agreement were not fully performed by the principal: “* * * said County shall have the right to construct and maintain, or pursuant to public advertisement and receipt and acceptance of bids, cause to be constructed and maintained, said Roads as dedicated by said plat, st. signs, sidewalks, drainage structures, necessary fill, bridge & guardrails.”
The principal and the surety agreed to be jointly and severally liable: “* * * to pay and to indemnify the County upon completion of such construction and maintenance the final total cost to the County thereof, including, but not limited to, engineering, legal and contingent costs together with any damages, either direct or consequential, which the County may sustain on account of the principal to carry out and execute all the provisions of said agreement.”
The plat in question was approved by the County in October, 1958. A second plat, Bel-Aire Three, which was presented by the same principal and prepared by the same engineering firm, was filed simultaneously with the plat in question to cover adjoining lands separated only by artificial canal dug by the principal. In November, 1956, in connection with their earlier canal permit, the location of a bridge was agreed upon and specified in a plan submitted to and approved by the County. The recorded plat does not explicitly locate the bridge and guardrails but the principal’s engineer *23 ing agents acknowledged that there was an understanding between them ánd the County that the bridge was to be located at such point.
The performance bond and agreement were delivered pursuant to Chapter 25519, Laws of Florida, 1949, as amended, Chapter 28823, Laws of Florida, 1953, and Chapter 30201, Laws of Florida, 1955. Among the requirements specified in said laws is the delivery to the County of: “ * * * a good and sufficient bond or bonds conditioned upon the construction and maintenance for not less than one year, of streets, alleys and other rights of way shown on such plat, highway signs, sidewalks in such areas as * * * the Board of County Commissioners of the county * * * may require, necessary fill, drainage wells, culverts, sewers and other necessary drainage facilities.”
In September, 1964, the County urged the principal and surety to proceed with the construction of the bridge as required at Marlin Drive across Bel-Aire Canal. This letter was acknowledged without dissent by the surety company. In May, 1966, the County commission by resolution directed the enforcement of the bond and provided necessary funds. In July, 1966, the County by letter called upon the principal and surety to complete their work and if no answer received within two weeks, it would be assumed that they didn’t intend to complete work. The surety acknowledged it stating it assumed it would receive its proper attention. In October, 1966, County employed engineers to prepare plans and specifications and in April, 1967, the County notified principal and surety by letter that it was advertising for bids and invited them to review documents and if they had any defense to advise County Attorney. In May, 1967, County advised the surety that bids had been received and stated the amount. In June, County let contract and work was paid for in November. In January, 1968, the County made demand for $109,370.90, and as the same was not paid, suit followed. The trial judge entered the following judgment:
“ORDERED and ADJUDGED that plaintiff od have and recover of and from the defendant the sum of $116,896.-13 for which let execution issue, such sum comprising the following: the final total cost to the plaintiff of completing the subdivision improvements as alleged and proved by the plaintiff in the amount of $109,370.90; together with $5,465.31 interest at the rate of 6% per annum upon such final total cost from January 22, 1968, when plaintiff made formal written demand upon the defendant for reimbursement in that amount, to the entry of this judgment, see Parker v. Brinson Construction Company, Fla.1955, 78 So.2d 873, 874; and $2,059.92 as attorneys’ fees or compensation, such sum being the actual cost to the plaintiff of the services rendered in this cause by its counsel, which the parties stipulated and the Court finds is a reasonable sum for such services. Costs are assessed against the defendant, the amount to be fixed by subsequent order upon motion, notice and hearing. Defendant’s Motion to strike plaintiff’s claim for attorney’s fees or compensation was deferred to final hearing. Such motion, as amended, is denied. Defendant’s motion for summary judgment filed two months after this cause was set for trial and presented to the court on the date of trial is denied. Defendant’s oral motion at the close of plaintiff’s case is denied.”
The points on appeal urged by appellant were: (1) That the County cannot recover on a statutory bond when the requirements of the bond exceeded the requirements of the statute; (2) That the Court erred in admitting parol evidence to alter the agreement; (3) That the County’s damages became fixed on the date of the alleged breach, to-wit, 1959; (4) That the Court erred in allowing attorney’s fees.
It is our view that the case was correctly decided by the trial judge and'-the judgment appealed should be affirmed. See R. *24 K. Cooper Builders, Inc. v. Free Lock Ceilings, Fla.App., 219 So.2d 87; Pirman v. Fla. State Improvement Commission, Fla., 78 So.2d 718; Denton v. Pulaski County, 170 Ky. 33, 185 S.W. 481; Arkansas County v. Coleman Fulton Pasture Co., 108 Tex. 216, 191 S.W. 553; Ruth v. United States Fidelity & Guaranty Co., Fla., 83 So.2d 769, 55 A.L.R.2d 541.
Affirmed.