PEARSON, Judge.
The plaintiff-appellant, Dade County, instituted this action for impairment of a hospital lien perfected pursuant to Chapter 27032, Laws of Florida, 1951.[1] As the trial court’s summary final judgment fully elucidates the circumstances which give rise to the controversy, we adopt that statement for the purposes of this opinion:
******
“1. That Dade County filed a Hospital Claim of Lien pursuant to Chapter 27032, in the official records of the Clerk of the Circuit Court of Dade County on September 11, 1971. Said lien, among other things, recited that one Luis Pavón was admitted to Jackson Memorial Hospital on August 29, 1969, and incurred a bill for care, treatment and maintenance in the sum of $3,099.00. That Dade County was informed and to its best knowledge believed that Rene N. Estrado and Ernesto Lorence were responsible to Luis Pavón for his injury or illness.
“2. Said Luis Pavón was an insured under an uninsured motorist insurance policy of Great American Insurance Company and after his death, his widow (Claudina Pavón) made claim for wrongful death and survivors action damages under said policy of insurance.
“3. Claudina Pavón settled the survivors action with Great American Insurance Company for $2,000. In connection therewith, she filed a sworn petition for order approving settlement of tort claim with no administration necessary with the County Judges Court, Dade County, Florida. Among other things, the petition recited that all medical and funeral expenses resulting from the accident had been paid and there were no outstanding debts of said Luis Pavón.
“4. On October 20, 1970, the County Judges.Court, Case No. 70-3802, entered an order approving settlement of tort claim with no administration necessary. This order directed the $2,000 settlement, being the only asset of the estate, be paid to Claudina Pavón and that she be empowered to execute a release therefor.
“5. That the Hospital Claim of Lien filed by Dade County has not been satisfied and remains unpaid to date.”
******
The County urges error in the entry of the summary final judgment upon the basis that the appellee was not entitled to such a judgment as a matter of law. The statute *96 under consideration, Chapter 27032, Laws of Florida, 1951, provides that the County:
* # * * * * ,
. . shall be entitled to a lien for all reasonable charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitated or shall have necessitated such hospital care, treatment and maintenance.”
* * * * *
The act further provides:
ij: * * * *
“Section 4. No release or satisfaction of any action, suit, claim, counterclaim, demand, judgment, settlement or settlement agreement, or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien.
“Any acceptance of a release or satisfaction of any such cause of action, suit, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this Act shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance. Satisfaction of any judgment rendered in favor of the lienholder in any such action shall operate as a satisfaction of the lien.”
* * * * * *
Therefore, it is apparent that the appellee insurance company comes within the provisions of the statute and would be liable to the County upon its lien unless there are intervening defenses. The appel-lee recognizes this fact and urges two grounds upon which the entry of summary final judgment should be affirmed. It is urged, first, that the appellee was indebted to the decedent’s estate, and therefore was fully authorized by law to make payment to the personal representative of the estate by order of the probate court. Thus, ap-pellee urges that having relied upon a court order, it cannot be held liable to the County regardless of the hospital lien law. We hold that this position is unavailing as support for the summary final judgment because the hospital lien attached to the proceeds of all claims accruing to the patient or his legal representative as a result of the patient’s hospitalization. The lien attached from the moment that the injured person entered the hospital and was admitted as a patient. State Farm Mutual Automobile Insurance Company v. Palm Springs General Hospital, Inc,, Fla.1970, 232 So.2d 737; Palm Springs General Hospital, Inc. v. State Farm Mutual Automobile Insurance Company, Fla.App.1969, 218 So.2d 793.
After the lien attached, the ap-pellee was not at liberty to settle the claim and be free of liability. Nevertheless, the appellee proceeded to make a settlement. After having entered into the settlement, the appellee cannot benefit from the probate court’s order of administration unnecessary. The facts as found by the trial judge recite that the settlement was the reason for the county judge’s order. The order of administration unnecessary was wrongfully procured because there was a claim against the estate. See Fla.Stat. § 735.09, F.S.A. It is not necessary to determine whether this misrepresentation to the probate court was knowingly made. The benefits do not accrue to the appellee because the appellee was put on notice by *97 this statute of the possible existence of the lien. We hold that the statute placed upon the appellee a duty to make no settlement until the possible existence of a hospital lien was determined. The appellee made a settlement in circumstances where it knew, or should have known, that the deceased died in a hospital and that the money due under the insurance policy was owed to the County. Having entered into a settlement, the insurance company was estopped to rely upon the subsequently procured order of administration unnecessary.
The second ground upon which the appellee suggests that it avoided liability contends that a hospital lien does not attach to the proceeds due an insured pursuant to an uninsured motorist policy provision. Under this point, it is urged that the hospital lien law was not designed to reach third party liability insurance. A plain reading of the statute does not support this position of the appellee. The language of the statute quoted earlier in this opinion indicates that the County shall be entitled to a lien, “upon any and all causes of action, suits, claims. . . ” when these causes of action, suits, or claims accrue because of the illness or injury giving rise to hospitalization. We find nothing in this statute which would justify a holding that uninsured motorist claims are not such claims as accrue because of illness or injury giving rise to hospitalization. We think this holding is in accord with the nature of uninsured motorist coverage as set forth in Allison v. Imperial Casualty and Indemnity Company, Fla.App.1969, 222 So.2d 254; and Rutkin v. State Farm Mutual Automobile Insurance Company, Fla.App.1967, 195 So.2d 221.
Accordingly, we hold that the appellee was not entitled to a summary judgment as a matter of law and the judgment is reversed. The cause is remanded to the trial court for further proceedings in accordance with the principles set forth in this opinion.
Reversed and remanded.

. This Chapter was repealed at the 1971 Regular Session of the Legislature of the State of Florida. See Chapter 71-29, Laws of Florida, 1971. However, the act repealing the Chapter contained the following provision:
* * & * *
“(2) All of the enumerated chapters contained in section 2 affecting a particular county or counties shall become an ordinance of an affected county on the effective date of this act, subject to modification or repeal as are other ordinances.”
* * * * *
This change in status of the act is not mentioned in either brief and therefore is not further considered on this appeal.