## DADE COUNTY v. PAVON, et al.

No. 71-3397.

Circuit Court, Dade County.

September 27, 1973.

Stuart L. Simon, County Attorney, and Robert L. Krawcheck, Assistant County Attorney, for the plaintiff.

James A. Smith, Miami, for the insurance company, and Hansford Tyler, Miami, for the third party defendant.

BOYCE F. EZELL, Jr., Circuit Judge.

*Findings of fact, conclusions of law, and final judgment:* Plaintiff, Dade County, brought this action against Claudina Pavon and Great American Insurance Co. based upon the impairment of a hospital lien filed and recorded by plaintiff as provided by Chapter 27032, Laws of Florida 1951. (Subsequent to the time this cause of action arose, the Hospital Lien Law was repealed and enacted as a county ordinance. Chapter 71-29, Laws of Florida 1971).

The undisputed facts in this cause are that Luis Enrique Pavon was treated at the county owned Jackson Memorial Hospital after his injury in an automobile accident which occurred on August 29, 1969. The county duly filed and perfected a hospital claim of lien pertaining to Pavon's hospitalization from August 29, 1969, until his expiration on September 6, 1969.

Pavon was an insured under an uninsured motorist provision of an automobile insurance policy issued by the defendant, Great America Insurance Co. After his death the insurance company, having not apprised itself of the recorded hospital lien, offered to settle a survivor's claim by paying $2,000 to Claudina Pavon, the widow of Luis Pavon.

The offer of settlement was approved by the probate court on the basis of a petition for order approving settlement of tort claim with no administration necessary, which petition erroneously stated that the medical expenses resulting from Pavon's accident had been paid. The company thereafter paid Claudina Pavon $2,000 and obtained a release from her.

The company has brought a cross-claim against Claudina Pavon and a third party complaint against Gerald Vick, Mrs. Pavon's attorney. The allegations against Mrs. Pavon are immaterial as service of process has not been obtained upon her either by the plaintiff or by the cross-claimant. The third party claim against Gerald Vick is based on the contention that Mr. Vick had an obligation to satisfy the hospital lien from the proceeds of the settlement, and further that as Mrs. Pavon's attorney Mr. Vick should be held liable for Mrs. Pavon's misrepresentation that all medical bills had been paid.

Several defenses of the insurance company have been heretofore resolved on appeal, Dade County v. Claudina Pavon, et al (Fla.

App. 1973), 266 So.2d 94, and by partial summary judgment entered by this court on June 18, 1973. This cause came on for non-jury trial on the question of the amount of damages which plaintiff, Dade County, is entitled to recover.

Plaintiff has produced substantial and competent evidence, which is uncontradicted, showing that the reasonable cost of the medically necessary hospital services and supplies delivered to Luis Pavon is $2,971.65, and the court so finds. The defendant insurance company argues that it is liable under the Hospital Lien Law for only $2,000, the amount of the unlawful settlement.

The Hospital Lien Law is unambiguous in its statement that the measure of damages to which the lienholder is entitled is the cost of services as opposed to the amount wrongfully paid as a settlement. ". . . [T]he lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement *the reasonable cost of such hospital care, treatment and maintenance.*" (Emphasis added.) §4, Chapter 27032, Laws of Florida 1951. Where a statute is unambiguous, the court must not deviate from the plain and natural meaning thereof. Board of Commissioners of Leon County v. State (Fla. 1928), 118 So.2d 313, 317.

Had the legislature intended to limit the lienholder's recovery to the amount of the unlawful settlement it could have easily so provided. The consequence, however, of such a provision or of a judicial construction to that effect, would be the undermining of the legislative intent. The statute requires that a hospital lienholder consent to any settlement of a claim whereby the hospital is not to be paid in full. *Id.,* §4. Absent the hospital's consent to such a settlement, the parties may either agree to pay the lien in full or they may litigate. A condition precedent to litigation, however, is the payment of the lien or the notification of the lienholder who may, without leave of court, intervene for the purpose of proving the full amount of the hospital lien. *Id.,* §5.

To construe the statute to limit the lienholder's recovery to the amount of a settlement for only a fraction of the hospital bill would not only defeat the statutory scheme but would lead to the absurd result of permitting the parties subject to the lien to reduce the lien at their sole discretion. Moreover, such a result would violate the statutory provision that "[n]o release or satisfaction of any . . . claim . . . shall be valid or effectual as against such lien . . .". *Id.,* §4.

The defendant's argument that the court may limit the lienholder's recovery upon a theory of equitable distribution is without

merit. Dade County v. Perez, (Fla. App. 1970), 237 So.2d 781. In rejecting the right of a court to reduce the amount of a hospital lien the Third District Court of Appeal in Dade County v. Bodie (1970), 237 So.2d 553, 554, made the following observations regarding the lienholder's right to recover the full amount of the hospital charges covered by the lien —

> "For example, the lien provided for in §1 of the statute is *for all reasonable charges for hospital care,* etc. Also, in §4 it is provided that a satisfaction of judgment or a settlement will not be effectual against such a lien unless the lienholder joins therein and executes a release of the lien, and further, that acceptance of such a release or satisfaction, in the absence of a release of the lien, shall be regarded prima facie as an impairment of such lien, for which the lienholder is given a right of action against the one accepting such settlement release or judgment satisfaction for 'the reasonable cost of such hospital care, treatment and maintenance,' plus attorney fees and costs." (Emphasis in text.)

> *"If the lien of a hospital as provided for in the statute was not meant to be effective for its full amount* (subject to a right to question the propriety of the charges comprising the same), *it would not be reasonable or consistent for the statute to authorize recovery of the full amount of the hospital's (lien) charges against one who, without the hospital lien having been released, should receive a satisfaction of judgment or a release upon settlement.* Conversely, since the statute allows a hospital lienor full recovery in the situation outlined above, it would be illogical to conclude that such a hospital lien should not be applied in full against proceeds of a judgment or settlement." (Emphasis added.)

The Hospital Lien Law provides for the lienholder to recover a reasonable attorney's fee which, based upon uncontradicted expert testimony, and the court's own knowledge of this cause, is hereby found to be in the amount of $2,600. The defendant argues that because plaintiff's attorneys are salaried and because no additional fee was paid them for this case, there should be no recovery of attorneys' fees. To so hold would be to negate the express language of the statute. *Id.,* §4. Moreover, such a ruling would tend to defeat the legislative purpose of encouraging hospitals to render services without hesitation to insolvent patients. Palm Springs General Hospital v. State Farm Mutual Automobile Insurance Company (Fla. App. 1969), 218 So.2d 793, affirmed 232 So.2d 737 (Fla. 1970).

A hospital which may have its legal staff diverted and involved at length in difficult litigation under the Hospital Lien Law and

which may consequently be required to enlarge its legal staff will not be encouraged to render treatment as intended by the legislature if there may be no recovery of a reasonable attorney's fee. Therefore, in light of the express statutory language and the legislative intent as declared by the Supreme Court of Florida, this court holds that the plaintiff is entitled to a reasonable attorney's fee. See Reliance Insurance Company v. Dade County (Fla. App. 1969), 230 So.2d 21, cert. den. 230 So.2d 21, rehearing denied, 237 So.2d 540.

As an additional element of damage, plaintiff is entitled by statute to recover costs otherwise allowed by law and expenses incident to the matter. *Id.,* §4. Plaintiff has adduced proof of costs both by testimony and by affidavit in support of a motion to tax costs, and the court finds said costs to be in the amount of $249.50.

With regard to the third party complaint, the court finds that an attorney is not liable for the wrongdoing of his client and that consequently the third party complaint fails to state a cause of action.

Now, therefore, based upon the foregoing findings of fact and conclusions of law, it is ordered and adjudged as follows — (1) Plaintiff shall have recover from the defendant, Great American Insurance Co., the amount of $2,971.65, based upon the impairment of plaintiff's hospital lien. (2) Plaintiff shall have and recover from the defendant, Great American Insurance Co., the amount of $2,600, as a reasonable attorney's fee in this cause. (3) Plaintiff shall have and recover from the defendant, Great American Insurance Co., the amount of $249.50, as costs incurred by the plaintiff in this cause. (4) The complaint is dismissed without prejudice, as against the defendant, Claudina Pavon, no service having been obtained on that defendant. (5) The cross-claim against Claudina Pavon is dismissed, without prejudice. (6) The third party claim is dismissed.